## ASA W. ALLEN *v.* WALLACE E. CAFFEE.

DEEDS. *Warrant. Construction. Code* 1892, §§ 2479, 2480.

'Under Code 1892, §§ 2479, 2480, giving a form of a deed, using the words, "I convey and warrant," etc., and providing that it shall be effectual to transfer right, title, claim, and possession, and that the word "warrant" in a deed shall constitute a covenant that the grantor will forever warrant and defend the title, the word "warrant" constitutes a warranty of the possession as well as of the title.

FROM the circuit court of Lee county.

HON. EUGENE O. SYKES, Judge.

Allen, the appellant, was plaintiff, and Caffee, the appellee, defendant in the court below. From a judgment only partly in plaintiff's favor he appealed to the supreme court.

The suit was to recover the balance due on the purchase money of a lot of land in the town of Verona, Mississippi. Caffee interposed a special plea to the declaration, setting up that Allen had made him a warranty deed to said property, by the terms of which he covenanted that he was seized of, and would deliver to him the possession of, the property, and that he had violated such covenant by refusing to deliver possession, and that, in order to get possession, he (Caffee) was forced to bring an action of unlawful entry and detainer against one Reifus, who was in possession under a contract of purchase from Allen made previous to the conveyance to Caffee; that in such pro-

ceeding he employed counsel, and incurred other expenses incident thereto, and had lost some rents and the profits of a certain brick factory business established on the lot, and asked for a set-off to the amount of his expenses and damages. The court instructed the jury, for defendant, that, if Allen failed and refused to deliver possession to Caffee, it was a breach of the warranty in the deed, and Allen was liable to Caffee for the expenses of getting possession of the property and for any profits lost by him on account of not getting possession. The jury rendered a verdict for plaintiff, but allowing the sum of $125 as a set-off to plaintiff's demand, and judgment was entered accordingly.

*Allen & Robins,* for appellant.

The deed made by Allen, the plaintiff, to Caffee, the defendant, was an ordinary deed under our statute: "I convey and warrant." There was nothing else in the deed from which any covenant of any kind could be inferred. Now, what does "I convey and warrant" mean? The statute defines what it means. "Convey" is the granting clause, not a warranty at all, nor a covenant. It is made effectual by the statute (Code 1892, § 2479) to transfer all right, title, claim, and possession of the person making it, but it implies no covenant and no warranty. The word "warrant" is defined by Code 1892, § 2480, where it is said that "the word 'warrant' without restrictive words, in a conveyance, shall constitute a covenant by the grantor, that he and his heirs and personal representatives will warrant and defend the title of the property unto the grantee and his heirs, representatives, and assigns, against the claims of all persons whomsoever lawfully claiming the same." Now this is the only covenant in the deed in question; warrant is the only word that can be made to imply a covenant; and the statute says that the word "warrant" means to defend against the claims of all persons whomsoever lawfully claiming the same.

If some one does not lawfully claim the property granted,

by title paramount to that of the grantor, there is no breach of this covenant. There must be a lawful claim or a lawful withholding in order to constitute a breach of this covenant. It is simply a covenant of title, nothing else; not a covenant of seizin, but a covenant of title—a covenant that the grantor will warrant and defend the title of the property, not that he will warrant and defend the seizin.

To take the view of this case taken by counsel for appellee and by the court below, that a covenant of seizin is implied in a conveyance under the statute, would upset the whole purpose of our statute making conveyance and transmutation of property easy. If such position be maintained, that paramount title or paramount holding is not necessary to constitute a breach of warranty of title, it would be dangerous for any owner of any storehouse or residence or farm in the state of Mississippi to sell and convey the same under our statutory deed without going to the property itself with the grantee and dispossessing every tenant and occupant of the same and turning over the actual manual property to the grantee. No man would dare sell a storehouse or a residence or a farm which he had rented, for fear the occupant might unlawfully and without grounds set up some false and fraudulent and unlawful title against the grantee, and then the grantor would be bound to defend the suits that would grow out of unlawful claims and compensate the grantee for any kind of forfeits that he might have made if the possession had been promptly delivered to him. The contention of appellee would make feoffment with seizin an easy process for conveying property compared to the conveyancing provided for by our statute.

This is not an open question in Mississippi, we see from the rulings of our court the question has been settled that there is no breach of warranty of title unless there is a paramount outstanding title or a holding under such a paramount outstanding title. We refer to the following decisions supporting this view: *Hoy* v. *Taliaferro,* 8 Smed. & M., 727; *Duncan* v.

*Lane,* 8 Smed. & M., 744; *Heath* v. *Newman,* 11 Smed. & M.,
201; *Dennis* v. *Heath,* 11 Smed. & M., 206; *Burrus* v. *Wilkinson,* 31 Miss., 537; *Kirkpatrick* v. *Miller,* 50 Miss., 521; *Witty*
v. *Hightower,* 12 Smed. & M., 481; *Cassidy* v. *Jackson,* 45
Miss., 398; *Gunn* v. *Ervin,* 54 Miss., 451.

*Anderson & Long,* for appellee.

We do not controvert the proposition that under the laws of
this state there is no breach of warranty of title unless there is
a paramount outstanding title, or a holding under such paramount outstanding title. The cases cited by opposing counsel
fully sustain that proposition. Counsel on the other side are
talking about one thing, and we about another and very different thing. We contend that our statutory warranty deed is a
covenant of seizin in the grantor—a covenant to deliver possession to the grantee—as well as a covenant to defend the title.
We know of no Mississippi case in point. We do not think the
cases cited in the brief of opposing counsel are in point. "The
statutes of some of the states have prescribed a short form of
warranty, which has been decided to contain in itself the five
other covenants, including the covenant of seizin; so that whatever would constitute a breach of any one of the five covenants
will give an action on the statutory covenant of warranty. As
eviction is not necessary to a breach of the covenant of seizin,
there may be a recovery on this statutory covenant before there
has been an eviction." 8 Am. & Eng. Ency. Law (2d ed.), 100,
101, and cases there cited.

Code 1892, §§ 2479 and 2480, must be construed together.
The former in part is in this language: "A conveyance of land
may be in the following form, and shall be effectual to transfer
all right, title, claim, and possession of the party making it,
as can be done by any sort of conveyance," etc.

Now, what is warranted under this section? Our position
is "all right, title, claim, and possession." Those are the covenants, according to our view, covered by "convey and warrant"

in sec. 2480. For a discussion of this question, see 8 Am. & Eng. Ency. Law (2d ed.), 88, 91, 92, 93, 100, 101, 105, and cases cited in the notes.

A covenant of seizin is broken if the covenantor have not the possession at the time of his deed. *Fitzhugh* v. *Croghan,* 19 Am. Dec., 139.

The covenant of seizin does not pass with the land where the grantor was not seized. In such case the covenant is broken immediately. *Backus* v. *McCoy,* 3 Ohio, 211 (s.c., 17 Am. Dec., 585).

WHITFIELD, C. J., delivered the opinion of the court.

The chief question here for solution is whether the word "warrant," in Code 1892, § 2480, embraces a covenant of seizin. Section 2479 provides: "A conveyance of land may be in the following form, and shall be as effectual to transfer all the right, title, claim, and possession of the person making it as can be done by any sort of conveyance." This section must be construed in connection with sec. 2480, and, so construed, we think the word "warrant" warrants the possession or seizin as well as the title. Undoubtedly this was the purpose of the legislature. The object was to make some short form of conveyance which should embrace all the covenants known in common-law conveyancing. In 8 Am. & Eng. Ency. Law (2d ed.), pp. 100, 101, it is said: "The statutes of some of the states have prescribed a short form of warranty, which has been decided to contain in itself the five other covenants, including the covenant of seizin. So whatever would constitute a breach of any one of the five covenants will give an action on the statutory covenant of warranty. As eviction is not necessary to a breach of the covenant of seizin, there may be a recovery on this statutory covenant before there has been an eviction." See, also, same authority, p. 88 and other pages cited in brief of counsel for appellee. See particularly pp. 56 and 57. Whilst the statutes in some of the states on which

the decisions referred to in this text are based are not identical, *ipsissimis verbis,* with our statute, some of them are substantially so, and we think it is clear that the same construction should be given our statute which has been given to some of those statutes most like our own. The manifest purpose of the lawmakers was to shorten the form of conveyancing and to use one word, "warrant," and to make that one word cover all five of the covenants usual in conveyances at common law—to wit, seizin, power to sell and convey, freedom from incumbrances, quiet enjoyment, and title. We have no livery of seizin now —a written deed takes the place of livery of seizin—and we think it more in harmony with the purpose of the legislature to construe secs. 2480 and 2479 as warranting seizin as well as title. If we had nothing but sec. 2480 to construe, counsel for appellant would be right on our statute, but sec. 2479 is necessarily to be construed together with sec. 2480, both directly relating to the same subject-matter; and we rest the case on the construction of the two, taken together. We conclude this opinion with a quotation from *Funk* v. *Creswell,* 5 Iowa, 68, which expresses our view of this subject: "There has been an evident disposition to encourage and promote greater simplicity in the forms of conveyances, not less in modern legislation than in the later judicial decisions. In England a system has grown into favor unknown to the common law. In the United States the covenant for further assurance, in favor in England, has gone into disuse; while the covenant of general warranty, unknown to English conveyancing, may be said to have been universally adopted as the main assurance of a perfect title. The legislature has provided in the code (sec. 1232) suitable forms for conveyances, in apt words—short, simple, and intelligible— free from the verbiage and formalities of the old system, but retaining all that was valuable or essential in meaning or substance. From these the form 'for a deed in fee, with warranty,' has been adopted by the present parties, with the covenant of warranty in the language of the statute. The form

is not prescribed to be used by those who do not choose or prefer it; nor, having adopted it, are parties precluded from inserting other covenants of warranty, or from restraining, in express terms, those adopted, as they may desire. All that is claimed for it is that it shall have the very effect and meaning designed and understood by the parties and contemplated by the legislature—viz., to include and imply all the usual covenants in a deed of conveyance in fee simple."

*Affirmed.*