WALTER C. WEATHERBEE ET AL. v. OSCAR LILLYBECK.

WARRANTY DEED.    *Suit for purchase money.    Recoupment.*

In a suit by a grantor for the purchase money of land conveyed by general warranty the grantee:

(a) May recoup damages sustained by reason of expenses incurred by him in getting possession of the land; but

(b) Is not entitled to credit for the costs of store fixtures purchased by him from the occupant to induce a surrender of the premises.

FROM the circuit court of Lauderdale county.

HON. ROBERT F. COCHRAN, Judge.

Lillybeck, the appellee, was plaintiff in the court below; Weatherbee and his brother, the appellants, were defendants there. From a judgment in plaintiff's favor the defendants appealed to the supreme court.

After the evidence was all in, plaintiff moved the court to exclude defendants' evidence and for a peremptory instruction to find for plaintiff. The motion was sustained, and a peremptory instruction given for plaintiff. Defendants claimed a right to recoup damages sustained by reason of the failure to obtain possession of the property they had purchased from plaintiff, and for a sum of money they paid out to obtain possession of a part of the premises, and for the fair rental value of the property for the time they were kept out of possession. The evidence for defendants was that in November, 1903, they desired to purchase the property, a storehouse and lot in Meridian, to be occupied by them on February 1, 1904, and entered into negotiations with plaintiff's agents to purchase the property, and did purchase it under a general warranty deed, with the understanding that they were to get possession on February 1, 1904; that Suttle & Mars were at the time in possession, and were doing a mercantile business in the storehouse, and after

the purchase was consummated it was discovered that Suttle & Mars claimed a lease on the property to September 1, 1904, and refused to give possession until that time; that defendants, in order to get possession of a part of the store building, purchased some shelving and store fixtures from Suttle & Mars, amounting to $150, and paid them that sum for the shelving, etc.; that defendants knew that Suttle & Mars were in possession at the time of the purchase which involved the giving of the notes sued on for unpaid purchase money, and asked the agent of Lillybeck when they could have possession, and were informed that Suttle & Mars were renting by the month, and they could get possession at the end of any month they desired. Evidence was also introduced to show the fair rental value of the property for the time Suttle & Mars were in possession. Defendants' motion for a new trial was overruled, and they appeal.

*Miller & Baskin,* for appellants.

The court below should not have sustained the motion to exclude the appellants' testimony, and should not have granted the peremptory instruction to find for appellee, but, on the contrary, should have granted to the jury a peremptory instruction to find for appellants. There had been a breach of the covenants of general warranty contained in the deed, and the appellants were entitled to recoup the damages they had sustained by reason thereof. It will be borne in mind that the deed conveying this property contained a covenant of general warranty, and a covenant of warranty embraces a warranty against incumbrances. The covenant of general warranty contained in the deed was both for the title to and the possession of the property. *Spann* v. *Baltzell,* 46 Am. Dec., 349. It was the duty of the appellee under the covenant of general warranty in his deed to have put the purchasers into the possession of the property, and any failure to do so by reason of the property then being in the possession of a third person, under a claim of lease, was a breach of his warranty. An outstanding leasehold interest

is a breach of the covenant against incumbrances. *Cross* v. *Noble,* 67 Pa., 74; *Porter* v. *Bradly,* 7 R. I., 538; *Christy* v. *Ogle,* 33 Ill., 295; *Peace* v. *Crist,* 31 N. Y., 141; *Edwards* v. *Clarke,* 10 L. R. A., 659.

*Williamson & Gilbert,* and *A. S. Bozeman,* for appellee.

A deed with covenants of general warranty, as in this case, does not impose upon the vendor the duty to put his vendee into actual possession of the property conveyed. The title with all its incidents—possession, etc.—passes with the delivery of the deed. Code 1892, § 2433. A like statute was so construed and the same principle declared in *Green* v. *Irving,* 54 Miss., 460. We feel that we could trust this statute and decision to establish this proposition. We deem it entirely unnecessary to call the court's attention to the history of this livery of seizin. Our modern methods of dealing in real estate and the rapid changes that are daily made in the ownership and control of real property made the statutory provision necessary. In this day and time when real estate is one of the stable sources of wealth, and men deal in it for the purposes of profit, and never intend or expect to actually occupy it, when the profit, that accrues from the "deals" is the thing that induces men to purchase, to hold that in order to perfect the title in the vendee he must come into actual possession of his purchased property would be to overturn the entire scheme of dealing in such property and annul the force and intendment of the statutory enactment. The vendor, under our modern deeds with covenants of general warranty, conveys and warrants unto the vendee the title and the right to actual possession and absolute dominion over the property conveyed, and leaves the vendee with the right to enter upon, occupy, and enjoy the property conveyed.

Covenants of warranty are not breached unless the vendee is kept out of possession by a paramount outstanding title or incumbrance, or, after having gone into possession, is ousted by

such title. Code 1892, § 2480; *Dyer* v. *Britton,* 53 Miss., 270; *Kirkpatrick* v. *Miller,* 50 Miss., 521; *White* v. *Pressly,* 54 Miss., 313.

WHITFIELD, C. J., delivered the opinion of the court.

The case of *Allen* v. *Caffee,* recently decided, controls this case in its essential features. See that case, 85 Miss., 766 (s.c., 38 South. Rep., 186). There is one other matter to be noted. Weatherbee is not entitled to any credit for the $150 paid for the articles which he bought of Suttle & Mars, which articles were the private property of Suttle & Mars, and did not belong to the house. Weatherbee owns the articles, and they seem to have been worth money. Weatherbee Bros. cannot "eat their cake and keep it too." The action of the court in this regard was correct. But appellants are entitled to set off against the plaintiff's demand all legal damages actually sustained by them in getting possession of the property, in accordance with the principles laid down in *Allen* v. *Coffee, supra.*

*Reversed and remanded.*