ALBERT COOPWOOD, EXECUTOR, *v.* EMMA McCANDLESS.

[54 South. 1007.]

1. BREACH OF WARRANTY. *Remedy. Declaration. Essentials. Purchase of outstanding title. Liability of grantor.*

While in order to sustain the technical action of covenant for a breach of general warranty, there must be either an actual eviction by judicial process, or a surrender of possession to a valid, subsisting, paramount, legal title, asserted against the covenantee, or that there must be a holding of the grantee out of possession by such title, so that he could not enter, yet there are two other remedies that the covenantee may invoke without waiting for eviction or surrender of the premises. These other two actions are assumpsit, or suit in chancery.

2. DECLARATION. *Essentials. Code 1906, section 729.*

Under Code 1906, section 729, requiring a declaration to contain a statement of the facts constituting the cause of action in ordinary and concise language, a declaration is ssufficient, if it states a good cause of action, no matter what may be its form or the name given it by the party filing it.

3. COVENANTS OF WARRANTY. *Purchase of outstanding title. Liability of grantor.*

   In every case where the covenantee purchases an outstanding paramount title, or pays an incumbrance, he assumes the risk of judging correctly as to the character and validity of the incumbrance or title which he buys. He must establish as a condition precedent to recovery, either at law or in equity, that it was a paramount lien or title against which the warrantor was bound to defend him; and that he acted under a necessity to save the estate.

APPEAL from the circuit court of Tunica county.

HON. SAM C. COOK, Judge.

Suit by Emma C. McCandless against Albert Coopwood, executor. From a judgment for plaintiff, defendant appeals.

The facts are as follows: This is an action in assumpsit to recover from the estate of appellant's testator, T. D. Coopwood, the sum of five hundred dollars expended by appellee in acquiring the paramount title of E. C. and Jeanette Coopwood to the land in controversy, which said T. D. Coopwood had in his lifetime conveyed to appellee with covenant of general warranty. The appellant filed a demurrer, which was overruled; and, appellant declining to plead further, judgment was entered for appellee, from which this appeal is prosecuted.

*J. T. Lowe,* for appellant.

From the record in this case, the very best that can be claimed for appellee, is that she, at the time she went out on her own initiative, and voluntarily purchased the alleged interest of Mrs. Jeanette Coopwood and Eugene Coopwood, that she was then, at that time, a tenant in common, and in undisputed possession and control of the said "Olive Place," the land in controversy. And we insist that this being the situation of affairs that she was not warranted in so voluntarily making said purchase, and then seeking to hold the appellee for a breach of warranty, and we insist that the rule as laid

down in the case of *Dyer* v. *Britton,* 53 Miss. 270, is the true rule to this day. Note the language of the court in said *Dyer* v. *Britton*: "The decisions in this state hold that in order to sustain an action on the covenant of general warranty there must be either an actual eviction by judicial process, or a surrender of possession to a valid, subsisting, paramount, legal title, asserted against the covenantee; or that there must be a holding of the grantee out of possession, by such title, so that he could not enter." Citing *Denis* v. *Heath,* 11 S. & M. 206; *Witty* v. *Hightower,* 12 S. & M. 478; *Burrow* v. *Wilkerson,* 31 Miss. 537.

And we insist that is the rule today in this case; see *Holloway* v. *Miller,* 84 Miss. 780, at bottom of page.

"And the duty of the vendee of the land, the title to which fails, as stated in *Dyre* v. *Britton,* 53 Miss. 278."

In this case there was no actual eviction by judicial process. There was no surrender of possession to a valid, subsisting, paramount, legal title, asserted against the covenantee, Mrs. McCandless. And there was no holding of Mrs. McCandless out of possession, so that she could not enter. And the courts hold that one of these three conditions must have prevailed.

But, the appellee may insist that he did not seek to recover on covenant, but brought his action in assumpsit.

Note the language of the court, in *Dyer* v. *Britton, supra,* 53 Miss. 279: "It must be noted, however, that the covenantee assumes the risk of judging correctly, as to the character and validity of the encumbrance or title which he buys in. He must establish as a condition precedent to recovery, either at law or in equity that it was a paramount lien or title against which the warrantor was bound to defend him, and that he acted under a necessity to save the estate. It will be perceived therefore that while we denied to the covenantee in a technical action on the warranty unless he can show an actual eviction, or surrender to a paramount title, etc., yet the principle

of law, for which the defendant in error contends, is as vital here as in those states which allow suit on the covenant. But it must be evoked, either in the action of assumpsit, or by suit in chancery. In the present case, the cause of action being substantially the same, whether in covenant or assumpsit, on the return of the case to the circuit court, the pleadings might be formed," etc.

So there can be no dispute as to the rule laid down in the case of *Dyer* v. *Britton,* applying the same, whether the proceedings against a warrantor, be by assumpsit, or on covenant.

*Smith & Totten,* for appellee.

Under the conditions in this case, there were left open to the appellee two courses, to-wit:

(1) To have suffered an actual eviction by judicial process, or surrendered possession to the legal, paramount title asserted against her by the said Eugene C. Coopwood and Jeannette Coopwood, and brought her action on the covenant of general warranty, or

(2) Buy in the paramount title which she knew would ultimately prevail, as was done in this case, and bring her action in assumpsit or chancery court to recover back the money to reimburse her, as is now done in this case.

As will be seen from the declaration as well as from the admission of appellant's counsel in his statement of facts, this is an action in assumpsit, and not a technical action on covenant of warranty. We admit that to sustain an action on the covenant of warranty the rule cited by counsel for appellant as laid down in the case of *Dyer* v. *Britton,* 53 Miss. 270, is correct, but it has no application here, for it is admitted as shown by the declaration that this is not an action on covenant, but an action in assumpsit. Counsel for appellant seems to misconceive the theory of appellee's contention in this: That this is an action in assumpsit to recover outlays of money

to preserve the estate conveyed to her by appellant's testator, and is in no sense an effort on her part to recover on the warranty, except in so far as the breach of the warranty is necessary to entitle her to make out her case in assumpsit pure and simple. By section 729 of the Code forms of action are abolished, and all that is necessary now is "the declaration shall contain a statement of the facts constituting the cause of action in ordinary and concise language, without repetition; and if it contains sufficient matter of substance for the court to proceed upon the merits of the cause, it shall be sufficient; and it shall not be an objection to maintain any action that the form thereof should have been different. *Evans* v. *Miller,* 58 Miss. 120.

The case of *Dyer* v. *Britton,* 53 Miss. 270, was an action of covenant brought on the covenant of general warranty to recover from the vendor's administrator, Dyer, the certain money which Britton had paid to prevent his land from being sold under a mortgage given upon the land by Keith prior to his sale to Baker, who sold Britton with this unsatisfied mortgage upon it. Britton paid the amount of money required to prevent the sale, and eviction, and brought his technical action on the covenants of general warranty to recover back the money he had been compelled to pay, and the court very properly announced the rule stated above and by counsel for appellant. But it will be noted that just after announcing that principle the court uses this language: Quite thirty years have elapsed since the first of these decisions. We are asked now to overrule them, because the doctrine they announce is not in harmony with the current of American law, and is not supported by sound suggestions. If the question were *res integra,* we should adopt the reasoning and conclusion of that line of decisions, which have admitted constructive or equitable eviction as of a general import with an actual ouster in certain circumstances. If we did not have in our juris-

prudence a principle which was equitable and just, we would not hesitate to overturn these decisions if they were the obstruction. But we have in the remedial machinery of our jurisprudence full, practical, and adequate remedy and redress for the covenantee to reimburse him for the outlay in extinguishing such incumbrances or getting in the adverse paramount title. He may recover back in the action of assumpsit, as in *Kirkpatrick* v. *Miller et al.,* 50 Miss. 521, or he may sue in chancery. The action of assumpsit may be resorted to in every instance where money has been necessarily expended to discharge the estate from incumbrances, or get in a title to avoid an eviction. So that we afford to the covenantee a cheap and simple remedy at law, which administers as complete and full indemnity as the class of cases elsewhere, which recognizes breaches of the covenant as constructive and technical eviction." It is also decided in that case that in addition to the remedy by assumpsit the vendee may bring his plaint in the court of chancery. What would be the use of requiring appellee to be put to the expense of a fruitless litigation against an incumbrance or paramount title, which must ultimately prevail? The court in the case of *Dyer* v. *Britton* holds that he may, if necessary to preserve the estate and possession, pay off the one and buy in the other, for such outlays of money he shall be reimbursed.

In the case of *Kirkpatrick* v. *Miller,* 50 Miss., cited in the case of *Dyer* v. *Britton,* the court in deciding a similar case to this says: The proposition contained in the plaintiff's declaration is that a court of law shall do what has long since been a favorite relief in equity. Assumpsit is a special action applicable to those circumstances where the defendant ought in equity and good conscience to pay money but which is not recoverable in debt or covenant. If there be not an expressed promise then the defendant is under duty to pay, the law implies the promise. We submit that in equity and good con-

99 Miss.—24

science the money here paid out by appellee was to preserve the estate and possession against a paramount title, and that appellant's testator's estate is under a duty to pay back to appellee the sum of five hundred dollars thus expended, and this being an action of assumpsit, the remedy pointed out by the court in the above cases, the action of the court below in overruling the demurrer was correct.

We desire to call the court's attention also to the case of *Holloway* v. *Miller,* 84 Miss., bottom of page 708, again reaffirming the doctrine contained in the *Dyer* v. *Britton* case.

MAYES, C. J., delivered the opinion of the court.

In this case it is apparent that Mrs. McCandless bought a tract of land from T. D. Coopwood and paid him one thousand dollars for same. He made to her a fee-simple deed to the property, with a covenant of general warranty. At his death the title failed as to one-half of the property, and Mrs. McCandless was compelled to pay five hundred dollars, or one-half of the amount she originally paid for the property, in order to buy in an outstanding paramount title then threatened to be asserted against her. The demurrer admits all these facts.

The sole contention of appellant is that this is a suit for breach of the covenant of general warranty, and in order that this suit may be sustained it is contended that there must be either an actual eviction by judicial process, or a surrender of possession to a valid, subsisting, paramount legal title, asserted against the covenantee, or that there must be a holding of the grantee out of possession by such title, so that he could not enter. In support of this contention appellant cites the case of *Dyer* v. *Britton,* 53 Miss. 270. The authority cited is destructive of the contention. It is true that the authority does hold with the contention of appellant, when it is

manifest that the covenantee desires to ground his case on the technical action on the covenant of general warranty; but this case also shows that there are two other remedies that the covenantee may invoke without waiting for eviction or surrender of the premises. These other two actions which may be invoked are assumpsit or suit in chancery.

All that is required of a declaration is that it contain a statement of the facts constituting the cause of action in ordinary and concise language. If a declaration does this, under the practice now in effect in this state, no objection can be successfully urged on the ground that the form should have been different. This is declared by section 729 of the Code of 1906, and was the law in all Codes preceding the Code of 1906 from the Code of 1880. The abolition of all form does not seem to have been in the Code of 1871, the Code that was in effect at the date of the decision in the case of *Dyer* v. *Britton, supra.* This court now looks to the merits of the case as stated by the declaration, rather than the form in which it is stated. If a declaration states a good cause of action, no matter what may be its form, or the name given it by the party filing it, this court will ignore all but the fact of whether or not it states a cause of action. See *Evans* v. *Miller,* 58 Miss. 120, 38 Am. Rep. 313; *Trust Co.* v. *Hardwood Co.,* 74 Miss. 584-594, 21 South. 396.

Looking to the declaration in this case, and the admitted facts under it, it is manifest that Mrs. McCandless is entitled to recover back this five hundred dollars from the estate of T. D. Coopwood. It is quite true that the declaration concludes with the statement that "plaintiff brings this suit and demands judgment against defendant for the sum of five hundred dollars, the amount she is damaged by the breach of said covenant of warranty," thus indicating that it was filed as a technical action on the covenant of general warranty; but this court looks

to its substance, and not to its form. In the case of
*Dyer* v. *Britton,* 53 Miss. 270, the court clearly indicated
that, but for the fact that a plaintiff could resort to two
other remedies in order to recover back money necessa-
rily expended in discharging the estate from incum-
brances or to get in a title to avoid eviction, the rule
of law contended for by appellant would have been
changed as far back as 1876, and before the passage of a
statute abolishing all forms of action. The court said,
in the case of *Dyer* v. *Britton, supra,* that the question
had no significance other than that of mere pleading; that
it was of no practical importance, since a covenantee
had two other remedies, avoiding the technical and un-
necessary rule of law applicable when the suit was on
the covenant of general warranty. But to quote the
exact language of the court, found on page 278 of 53
Miss., in *Dyer* v. *Britton,* it is as follows: "If we did
not have in our jurisprudence a principle which is equit-
able and just, we should not hesitate to overturn these
decisions; if they were the obstruction. But we have in
the remedial machinery of our jurisprudence full, prac-
tical, and adequate remedy and redress for the cove-
nantee, to reimburse him for the outlays in extinguishing
such incumbrances, or in getting in the adverse para-
mount title. He may recover the money back in the ac-
tion of assumpsit, as in *Kirkpatrick* v. *Miller,* 50 Miss.
521, or he may sue in chancery. The action of assump-
sit may be resorted to in every instance where money
has been necessarily expended to discharge the estate
from incumbrances, or to get in a title to avoid an evic-
tion. In no state of case in this action is the covenantor
liable to refund more than was actually paid by the cov-
enantee, and never in excess of his liability on the cove-
nant, where an actual eviction could be assigned as a
breach; so that we afford to the covenantee a cheap and
simple remedy at law, which administers as complete and
full indemnity as that class of cases elsewhere, which

recognize breaches of the covenant as constructive and technical evictions.''

Of course, in every case where the covenantee purchases an outstanding paramount title, or pays an incumbrance, as stated in the case of *Dyer* v. *Britton,* he ''assumes the risk of judging correctly as to the character and validity of the incumbrance or title which he buys in. He must establish, as a condition precedent to recovery, either at law or in equity, that it was a paramount lien or title against which the warrantor was bound to defend him, and that he acted under a necessity to save the estate.'' See, also, *Kirkpatrick* v. *Miller,* 50 Miss. 521; *Green* v. *Irving,* 54 Miss. 455, 28 Am. Rep. 360.                                    *Affirmed.*