## STATON *v.* HENRY *et al.*

[94 South. 237. No. 22847.]

1. COVENANTS. *Measure of damages for breach of covenants of deed stated.*

Where a vendee in a deed by which the title to the land conveyed is warranted purchases an outstanding paramount title to the land, his damages for the breach of the warranty will be the money which he was forced to expend for the perfection of his title, and such other damages as may have been caused by the breach of his warranty, not including rent on the land for the time intervening between the execution of the deed containing the covenant of warranty and the purchase of the outstanding title, although the vendee may have been deprived of the use of the land during that time.

2. COVENANTS. *"Warrant" in deed, followed by restrictive words, embraces only warranties expressed therein.*

When the word "warrant" in a deed to land is followed by restrictive words, it is not within section 2817, Code 1906 (Hemingway's Code, section 2318), which provides that "the word 'warrant' without restrictive words in a conveyance shall have the effect of embracing all of the five covenants, . . . to-wit: Seizin, power to sell, freedom from incumbrance, quiet enjoyment and warranty of title"—consequently embraces only such warranty or warranties as are within the restrictive words.

3. COVENANTS. *Covenant in deed to forever warrant and defend title does not include covenant of seizin.*

A covenant by a vendor of land that he will "forever warrant and defend the title" thereto does not include a covenant of seizin.

4. COVENANTS. *Burden of proving covenantee holds paramount title on one suing on covenant.*

In order for a covenantee to recover on a covenant of title because of being excluded from the land conveyed by the deed in which the covenant is contained, it must appear that the person by whom he was excluded from the land holds the paramount title thereto, and the burden of proving that the title of such person is paramount is on the covenantee when suing on the covenant.

5. ADVERSE POSSESSION. *Interrupted possession of land for statutory period will not vest title unless open, notorious, and exclusive.*

Possession of land, uninterruptedly continued for more than ten years by a person claiming to be the owner thereof, will not vest him with the title thereto, unless his possession was open, notorious, and exclusive. Section 3094, Code of 1906 (Hemingway's Code, section 2458).

APPEAL from chancery court of Newton county.

HON. G. C. TANN, Chancellor.

Suit by H. C. Staton against S. J. Henry and others. From the decree rendered, plaintiff appeals. Affirmed.

W. I. Munn, for appellant.

We think that the showing made by the bill of complaint in this case and the proof entitles the appellant to the relief prayed for in the bill, and it was error on the part of the chancery court to deny him the relief prayed for. The title to the twenty acres of land in section 2 has failed and it is shown by the testimony that the appellant has suffered in damages to the amount of one thousand eighty-three dollars on account of the failure of the title as shown by the testimony in this case.

It is shown by the testimony that the heirs of Frank Walton are now in the possession of the twenty acres of land described in section 2 and that they have been in possession thereof for a great number of years, some thirty years or more, and that after the warranty deed was executed to the appellant herein mentioned that the heirs of Frank Walton told the appellant not to go upon said land, the said land belonged to them, and that appellant has never been able to get possession of said land, and this is equivalent to an eviction and entitles him to sue the vendor for the value of said twenty acres of land which is shown to be worth by the testimony in this case the sum of two hundred fifty dollars. We think this is sufficient for the appellant, and justifies him to sue for the value of the twenty acres which has failed under the warranty.

In the case of Green v. Irvin, reported in 51 Miss. 450, it was held in the case that it is not necessary that a suit

shall have been instituted, or perhaps even threatened, but it is essential that the true owner shall have been given notice in some way of his intention to assert his claim. We also call the court's attention to the case reported in 54 Miss. at page 450 and styled *Green* v. *Ewing.* Also the case of *Holloway* v. *Miller,* reported in 84 Miss. at page 776. And the case of *Withers* v. *The Bank of Commerce and Trust Company,* 104 Miss. at page 681.

Our contention is in the light of this testimony, and the pleadings, and under the law announced by this court in the cases herein referred to, that the appellant is entitled to the credits herein mentioned and as shown by the proof.

*G. E. Wilson and C. E. Johnson,* for appellee.

Appellant contends for damages for alleged breach as to the twenty acres of so-called Waldon land; and damages for breach as to the Government forty. As to the twenty acres there was no breach shown, for the law is that a buyer when he surrenders to person claiming paramount title, must be able to show conclusively that the title was paramount, acting at his own peril. Beach on the Modern Law of Contracts, Volume 1, page 358, states this rule; our court recognized it in the case of *Allen* v. *Miller,* 99 Miss. 75, 54 So. 731, Justice McLAIN saying in delivering the opinion: "That the covenantee assumes the risk of judging correctly as to the character and validity of the title or incumbrance which he buys in." He must establish, as a condition precedent to recovery, either at law or in equity, that it was a paramount lien or title against which the warrantor was bound to defend, and that he acted under a necessity to save the estate, citing *Dyer* v. *Britton,* 53 Miss. 279. Appellant's own case cited by him, *Withers* v. *Bank of Commerce and Trust Company,* reported in 61 So. at page 690, follows this rule. All the authorities we were able to find lay down or recognize this rule in Mississippi. Staton failed utterly to show the alleged Waldon

heirs' title to be paramount, for he did not show a good record title, nor any title at all that was good. So far as this court is advised by the records, S. J. Henry might have acquired through Frank Waldon himself. Hence the court was correct in denying damage as to this twenty acres, for a breach was not shown, for the title surrendered to was not shown to be paramount to S. H. Henry's title. We therefore submit he failed to legally establish any breach as to this twenty acres, and could not recover.

There remains one other breach, that as to the forty acres of Government land. The original debt was one thousand eighty dollars, drawing interest at eight per cent. per annum, from January 15, 1915, and the decree was rendered December 20, 1921. The court heard the whole matter, the proof submitted, and allowed all the legal credits due Staton, including his payment of two hundred sixty-four dollars and the eighty-nine dollars and fourteen cents paid for the patent, and all. He rendered his decree for the amount due after these allowances as set forth in the decree. The record does not disclose that everything was not adjudicated by him. It should be so considered, therefore, and his finding as to the facts must stand unless manifestly wrong. He did not err in excluding the evidence as insufficient, for it was on the issues involved.

Our position is that on such issues of fact as were involved, the chancellor heard the proof, weighed the evidence, judged the credibility of the witnesses, and allowed every credit permissible under the law, and embodied his findings in the decree. All the facts and proof considered by the court do not appear in that the stenographer merely certifies that the transcript is correct of her notes taken. The chancellor's decree recites proof was taken. Appellant has not shown, nor does the record show that appellant did not get every credit the law allows. The Holloway case cited by him, provides that he will only be entitled to necessary expenses of perfecting his title to the forty acres of Government land. The court under the proof was the

judge as to whether the damages asked for were necessary and to say what damages or items were proven necessary to perfect the title. This he did, and rendered his decree accordingly, including every credit appellant was entitled to. He found what was due, announced his decision and made the decree. The record does not show it is manifestly wrong, nor does it show that every legal credit was not given in making up this decree. It is elementary, that the record must show the court was manifestly in error as to the facts, before his finding of facts should be disturbed. As to the attorney's fee allowed by the note 'and included in the decree, it was provided, attorneys were employed, and it was due; also this injunction suit was such that the statutory damages of five per cent were assessable and the court was correct in allowing these, and the amount due on the note at the time of filing suit and rendering decree. All these matters were by the court adjudicated on proof before him. As to damages on dissolution of injunction to stay sale of lands, under deed of trust, see section 383, Volume 1, of Hemingway's Code, Section 623 of Code of Miss. 1906.

In conclusion we earnestly submit that the learned court below was eminently correct in his decision; that the record does not show he failed to give every credit to appellant the law entitled him to, he being the judge of the proof and facts, and that the case should be affirmed.

Smith, C. J., delivered the opinion of the court.

This is a suit in equity in which the appellant was the complainant in the court below and the appellees the defendants, by which the complainant seeks to enjoin the sale of certain land under a deed of trust until certain credits have been allowed on the debt secured thereby. The bill alleges in substance: That Henry executed and delivered to the complainant in February, 1914, a deed to the land containing the following covenant of warranty:

"That the said party of the first part shall forever warrant and defend the title to the said premises unto the party of the second part, his heirs and assigns, against the claims of all persons lawfully claiming the same or any part thereof."

That the complainant executed and delivered to Henry his note for the sum to be paid by him for the land, and secured it by a deed of trust thereon in which Sessums is the trustee. That the complainant has paid two hundred sixty-four dollars on the note, and that he is entitled to certain additional credits thereon because of the following breaches of the covenant of warranty contained in his deed from Henry, to wit: forty acres of the land were not owned by Henry, but belonged to the government, and twenty acres of it are in the possession of third parties who claim to own it. That the complainant paid the government ninety-eight dollars and fifteen cents for the land in December, 1917, and in addition thereto was compelled to spend one hundred dollars in obtaining the government's title. That the rental value of the land to which the government had the title is fifty dollars per acre per annum, and that the value of the other land to which he has failed to obtain possession is two hundred fifty dollars. For all of which he claims credit.

The allegation setting forth the adverse possession of the twenty acres of the land is as follows:

"That the said S. J. Henry did not have title to that portion of the land herein last described as being in section 2, and that part of the land described as being in section 2 is now in the possession of and is claimed by other parties known as the heirs of Frank Walton, now deceased, said heirs being Amanda Hunter, Alice Smith, Hetha Williams, Mose Walton, Frank Walton, Jr., Bell Day, Viola Morrow, Sam Walton, Ida Body, Bud Walton, Ada Walton, Avera Holden, and Frank McMullan, and that part of the land herein described and being in section 2 is now in possession of the said mentioned heirs, and has been for eighteen years or more, and since the death of

Frank Walton their title is paramount to that of complainant and that they are holding said land and cultivating the same adverse to the claim of this complainant, and that since this complainant purchased said land from the said S. J. Henry he has been unable to get possession of that part of the land herein described as being in section 2, and your complainant is advised and believes that the said defendant S. J. Henry did not have any title thereto at the time that he executed the warranty deed herein referred to, and that he has not since that time procured a title thereto."

The defendants by their answer admitted that the appellant is entitled to credit for the two hundred sixty-four dollars paid and for the ninety-eight dollars and fifteen cents paid by him to the government, with interest thereon, but denied the right to the other credits claimed.

The cause was submitted on bill, answer, and the evidence introduced by the complainant, the defendant not introducing any evidence, and a decree was rendered in accordance with the admission of the defendants' answer.

It appears from the evidence introduced by the complainant: That the rental value of the government land is fifty dollars per acre per annum. That the complainant paid a man named Moore fifty dollars for assistance, consumed three or four days of his own time, worth three dollars per day, and incurred certain personal expenses, amounting to twenty-four dollars, in obtaining the government title. But it does not appear from the evidence what assistance Moore rendered him, nor of what his personal expenses consisted, why it was necessary for him to incur either item or to spend three or four days himself in making the purchase. That at the time the land was sold to him by Henry twenty acres of it was and still is in the possession of the Walton heirs, who claim to have inherited it from their father, Frank Walton, who died about twenty years before the cause was tried, but by what title, if any, Frank Walton held it, was not shown. The evidence in support of this possession is most general,

and is simply to the effect that Frank Walton was and his heirs have been since his death, in possession of the land, claiming to own it. Neither the character of the land nor any act of ownership over it by Frank Walton or his heirs was shown. There was no evidence indicating that the possession was actual, notorious, or exclusive.

The appellant is not entitled to the rent claimed on the land to which the government had the title, for where the vendee in a deed by which the title to the land conveying is warranted, purchases an outstanding, paramount title thereto, his damages for the breach of the warranty will be "the money which he has been forced to expend for the . . . perfecting of his title, and such other damages as may have been caused by the breach of warranty." *Holloway* v. *Miller,* 84 Miss. 776, 36 So. 531; *Wade* v. *Barlow,* 99 Miss. 33, 54 So. 662; *Withers* v. *Bank,* 104 Miss. 681, 61 So. 690. This will include interest, but whether it will also include incidental expenses and reasonable compensation for his trouble in perfecting his title (15 C. J. 1324) we are not now called on to determine, for the reason that the evidence does not disclose what services Moore rendered, for what the complainant's personal expenses were incurred, in what manner his time was employed, nor the necessity therefor.

It is not clear, either from the bill of complaint or the brief of counsel for the appellant, whether the credit claimed for the land alleged to be in the possession of the Walton heirs is because of a breach of a covenant of seizin or of title. The deed from Henry to the appellant in which the covenant is contained is not in the form prescribed by section 2816, Code of 1906 (Hemingway's Code, section 2317); *id est,* it does not simply "convey and warrant" the land. Nor is the word "warrant" used therein "without restrictive words," so that under section 2817, Code of 1906 (Hemingway's Code, section 2318), it would embrace, because of the absence of restrictive words, the five common-law covenants of seizin, power to convey, freedom from

incumbrance, quiet enjoyment, and title.  The covenant as hereinbefore set forth is:

"That the said party of the first part shall forever warrant and defend. the title to the said premises unto the party of the second part, his heirs and assigns, against the claims of all persons lawfully claiming the same or any part thereof."

This is simply a warranty of title, and does not include a, covenant of seizin (*Witty* v. *Hightower,* 12 Smedes & M. 478); consequently *Allen* v. *Caffee,* 85 Miss. 766, 38 So. 186, is not in point, and the appellant cannot recover simply because he has failed to obtain the possession of the land.  In order for a covenantee to recover on a covenant of title because of being excluded from the possession of land, he must have yielded the possession thereof to one holding the paramount title thereto.  *Dennis* v. *Heath,* 11 Smedes & M. 206, 49 Am. Dec. 51; *Witty* v. *Hightower,* 12 Smedes & M. 478; *Glenn* v. *Thistle,* 23 Miss. 42; *Burrus* v. *Wilkinson,* 31 Miss. 537; *Green* v. *Irving,* 54 Miss. 450, 28 Am. Rep. 360; *Allen* v. *Miller,* 99 Miss. 75, 54 So. 731; *Coopwood* v. *McCandless,* 99 Miss. 364, 54 So. 1007.

The burden of proving that the title of the person to whom the possession of the land was yielded is paramount is on the vendee when seeking to recover on the warranty. *Allen* v. *Miller,* 99 Miss. 75, 54 So. 731; *Coopwood* v. *McCandless,* 99 Miss. 364, 54 So. 1007.  He must prove that the title to which he yielded is such as would support an action of ejectment.  The appellant failed to sustain this burden, for he did not attempt to show title in the Walton heirs by deed, and the evidence is insufficient to show title in them by adverse possession.

*Affirmed.*