## DALE v. HICKMAN.

In Banc.   Nov. 28, 1949.

No. 37234   (42 So. (2d) 811)

**Jones & Stratton,** for appellant.

**Noble & Noble,** for appellee.

**McGehee, C. J.**

This is a suit to recover from the appellee as administrator of the Estate of W. D. Smith, deceased, the purchase price paid by the appellant to the decedent on August 17, 1944, for a one-sixteenth royalty interest (being one-half of the one-eighth royalty theretofore retained by the said W. D. Smith in an oil and gas lease then outstanding in favor of the Humble Oil Company) on and under the following described land situated in Lincoln County, Mississippi, to-wit: Northwest quarter of southwest quarter, and the east half of southwest quarter, less ten acres on the south side thereof, in Section 5, Township 6, Range 8 east, containing in all 110 acres, more or less.

The purchase price of said royalty interest is shown by the allegations of the bill of complaint and

by the proof to have been $65.00 per royalty acre for 55 acres, at a total purchase price of $3575.00. The suit is for the specific sum of $2275.00, with accrued interest at the legal rate of 6% per annum from the date of the purchase, because of the fact that the said W. D. Smith had previously sold and conveyed by warranty deed of July 8, 1944, the seventy acres of the land last above described to his nephew and niece, Virgil Smith and Sarah Emma Yearick, subject to a life estate therein retained by the grantor. The proof discloses that this conveyance was duly recorded on the date of its execution, but that the appellant as a subsequent purchaser from the grantor of the one-sixteenth royalty interest had no actual knowledge that the said grantor had previously sold the land to his nephew and niece without excepting therefrom any mineral or royalty interest therein. Although the appellant had constructive notice of the prior conveyance, this would not preclude him from recovering from said grantor the purchase price paid and legal interest thereon for the breach of warranty.

The principal question presented to us for decision is whether or not upon the death of W. D. Smith on February 11, 1948, it was necessary for the appellant to probate his claim for the $65.00 paid per royalty acre arising out of the fact that his grantor had previously sold 70 acres of the land, as aforesaid. As heretofore stated, the bill alleges that the amount due the appellant on account of the breach of the warranty is $65.00 per royalty acre for 35 royalty acres and amounts to the definite and specific sum of $2275.00, and the proof discloses that so far as known to the parties, then and now, there is no difference in the value per royalty acre under any part of the land as compared with any other part thereof.

The royalty interest purchased by the appellant was not to participate in the annual rentals to be received under the then existing oil and gas lease, and there having

been no production of oil and gas under the lease prior to the death of W. D. Smith, the demand of the appellant against his estate was for a definite and fixed sum of money plus the legal rate of interest from a fixed date, and was therefore in our opinion a probatable claim against the estate of the decedent; and not having been probated within six months after the first publication of notice by the administrator to the creditors, it became barred under Section 569, Code 1942, since the limit of a warrantor's liability for breach of warranty, is the amount of the purchase price with interest, and such liability is a contractual one. Allen v. Miller, 99 Miss. 75, 54 So. 731.

It is contended by the appellant, however, that his claim against his grantor, W. D. Smith, did not arise during the latter's lifetime, and in that connection there are statements cited and quoted from text-writers and court decisions to support the view that if there had been production of oil and gas on the land during the tenure of the life estate reserved by W. D. Smith in his conveyance to his nephew and niece, the said life tenant and the appellant would have been entitled to receive one-half each of the one-eighth royalty that may have accrued from such production, and that therefore the claim of the appellant was unliquidated prior to the death of the life tenant, and did not become a liability for a definite and fixed sum until his death occurred without his royalty grantee having received any money from any oil or gas theretofore produced.

But we do not reach nor pass on the question as to what the life tenant and his royalty grantee would have been entitled to receive prior to the death of the life tenant in the event there had been production of oil and gas on the land, since the fact remains that there was no such production, and with the result that at the death of the life tenant the liability of his estate became fixed for a definite sum and became probatable as a contractual liability.

While we are not concerned with any other statute of limitations in the instant case, it is said in the case of Pevey, et al. v. Jones et al., 71 Miss. 647, 16 So. 252, 42 Am. St. Rep. 486, on the question of whether a claim for breach of warranty in the conveyance of land to which the grantor had no title, should be probated against the estate of the grantor, that: "As to the land belonging to the United States, the covenant of warranty was broken the instant it was made, and the right of action on it then accrued, and was barred when the action was commenced." See also Pickett's Ex'rs v. Ford, 4 How. 246, 5 Miss. 246.

When the grantor, W. D. Smith, who was then 77 years of age, sold and conveyed one-half of his one-eighth royalty to the appellant at a time when he had previously sold and conveyed the land by recorded deed to his nephew and niece, and reserving only a life estate therein, his covenant of warranty in favor of the appellant, if any, was breached when made for the reason that he undertook to convey the fee simple title of the royalty interest when he only owned a life estate therein, which was of little or no value. Therefore, we must affirm the decree of the trial court which held that the claim for the $2275.00 with accrued interest from August 17, 1944, should have been probated and became barred because of the failure of the appellant to probate the same within the time required by law, and we base our decision on the sole ground that as shown by the allegations of the bill of complaint and by the proof at the trial the claim was for a contractual liability and for a definite and fixed amount, requiring only a computation of interest at the legal rate, and was therefore required to be probated.

Affirmed.