# JAMES SCHLESINGER v. MODERN SAMARITANS.[1]

April 11, 1913.

Nos. 17,798—(90).[2]

**Corporation — setting aside service of summons.**

1. Upon the showing made the court properly set aside a pretended service of the summons on a domestic corporation, on the ground that the person upon whom the service was attempted to be made was not a person designated by law as one upon whom it could be made.

**Discretion of trial court.**

2. It is discretionary with the court to permit additional affidavits to be read and filed at the hearing of a motion or order to show cause.

**Special appearance.**

3. Defendant did not appear generally from the mere fact that, in subscribing the notice of motion to set aside the summons, its attorneys did not limit their authority to a special appearance, the notice itself showing their appearance for defendant to be for a special purpose; nor did the fact that the court in the order to show cause stayed proceedings convert defendant's special appearance to a general appearance.

Action in the district court for Ramsey county to recover the sum of $1,500 upon defendant's certificate of insurance. Judgment was entered by default. Defendant appeared specially and moved to vacate the service of the summons and complaint. The motion was heard and granted, Brill, J. From the order granting the motion and vacating the judgment, plaintiff appealed. Affirmed.

*A. J. Hertz,* for appellant.

*H. E. Hall* and *A. E. McManus,* for respondent.

HOLT, J.

Plaintiff appeals from an order setting aside the service of the summons and vacating the judgment rendered against defendant.

[1] Reported in 140 N. W. 1027.                [2] April, 1913, term calendar.

Note.—On the question of the validity of statutes authorizing constructive or substituted service on domestic corporation, see note in 4 L.R.A.(N.S.) 117.

121 M.—10.

The person who made the service by affidavit indorsed on the summons states that the summons and complaint were served upon defendant by "handing to and leaving with Charles A. Moberg, well known to affiant to be an officer and agent of the defendant," true and correct copies thereof. The alleged service was made May 11, 1912. Defendant defaulted, and judgment was entered against it on June 6, 1912, for $1,598.25. The complaint avers that the defendant is a corporation engaged in the insurance business in this state. It may be assumed that it is a domestic corporation, so that service of summons may be made under section 4109, R. L. 1905. Some time during the same day that the judgment was rendered the defendant gave notice to plaintiff that on June 8, 1912, at a special term of court, it would make "a special appearance herein and a motion and application to vacate the service of the summons and complaint," on the ground that the person upon whom the service was attempted to be made was not an officer or agent of defendant and not authorized to receive service. To the notice were appended the affidavits of Charles A. Moberg and H. E. Hall. Upon this notice, affidavits and files, the court ordered plaintiff to show cause at the time and place mentioned in the notice why the application of the defendant should not be granted, and also stayed proceedings till further order of the court. Evidently plaintiff caused judgment to be entered before the order to show cause was obtained, or before knowledge thereof.

Upon the showing made, the trial court was clearly justified in the conclusion that no legal service of summons had been made on defendant. Under the section above cited, the court obtains jurisdiction over a domestic corporation by delivering a copy of the summons to "its president, vice president, secretary, cashier, or treasurer, or to any director or managing agent thereof." It will be noted that the return of the attempted service does not state that Moberg was a managing agent, nor that he occupied any one of the official positions with defendant which a person must occupy in order that effective service of the summons upon the corporation may be made by handing to and leaving a copy thereof with him. The court was justified in considering this defect in passing on the mo-

tion, especially since no attempt was made at the hearing by either the person who made the service, or by plaintiff, or by his attorney to show that Moberg was in any manner connected with the defendant at the time of the attempted service as an officer or agent of any kind.

Some criticism may be made on the affidavits of Moberg and Hall attached to the notice, in that the statements are not direct; but at the hearing, the affidavit of the imperial scribe or secretary of defendant was presented, unequivocally stating that said Moberg had never any connection with defendant, except as a member for a few months, but that even this relation ceased on June 1, 1911, when he was suspended. Moberg's affidavit is to the effect that the attempted service was not made upon him personally, but copies were left at his house of usual abode with a person of suitable age and discretion; that Moberg at once returned the papers to plaintiff's attorney by mail; and that on the next day, when the attorney called on him, Moberg informed him that he was not an officer of defendant. Certainly no error is shown in the action of the trial court upon the proof adduced. To be sure, the return includes an affidavit of plaintiff's attorney, made in a week after the court filed its order setting aside the service, in which he states that in the St. Paul city directory for the year 1911 it appears that Moberg was an officer of defendant. But such affidavit can scarcely rise to the dignity of evidence, even were we permitted to consider it, which of course we are not, since it was not made till after the decision of the trial court.

To permit defendant to read and file an additional affidavit in support of its motion on the day of hearing is so clearly a discretionary matter with the court that we shall ignore the assignment of error based thereon.

Appellant contends that defendant has appeared generally, in that its attorneys subscribed the notice of motion without indicating a special employment, and in that defendant procured affirmative relief from the court restraining plaintiff from proceeding in the action. We are unable to spell out a general appearance on either point. The application to the court to set aside the service of the summons was a special attack on the jurisdiction of the court,

and the notice itself indicates that defendant's appearance was to be special, and the motion was based on the sole ground that no jurisdiction had been acquired over the defendant. The notice of motion and affidavits attached disclose that the appearance by defendant was to question, and not in any manner to confer, jurisdiction of the court over defendant. That the court in the order to show cause attempted to stay the entry of judgment should not be construed as changing defendant's special appearance into a general appearance, or, in other words, placing defendant in court, because, if the attempted service of the summons upon defendant was invalid, the court, in order to maintain the integrity of its own records, ought to see to it that no judgment was entered on such service.

Order affirmed.