## BRITTON *v.* BELTZHOOVER *et al.**

(Division B.    June 13, 1927.    Suggestion of Error Overruled June 23, 1927.)

[113 So. 346.    No. 26482.]

1. APPEARANCE. *Judgment. Appearing to get cause transferred to Federal court and getting time to plead is "general appearance," conferring jurisdiction of person and subject-matter; if nonresident, appearing to get cause removed to Federal court and getting time to plead, does not plead, appeal from refusal to transfer, or bring certiorari judgment constitutes "res judicata."*

    Where a nonresident of the state is sued on a debt and an attachment issued against such person, and there is an appearance in court by such person, who moves to transfer the case to the Federal court and is allowed time in which to plead, this is a general appearance and confers jurisdiction over the person and subject-matter of the suit, and if the defendant, after so appearing, fails to file pleas, appeal from the refusal to transfer the case, or take steps in the Federal court by *certiorari*, a judgment entered therein becomes final and binding and constitutes *res adjudicata* of the matters in said suit.

2. APPEARANCE. *Nonresident's appearance to get cause removed to Federal court confers jurisdiction of attachment issue authorizing default judgment in absence of traverse, and regular sale of property thereunder confers title.*

    Although no notice be published for such nonresident, if such nonresident appears, such appearance confers jurisdiction to dispose of the attachment issue, and if no traverse is filed thereto, judgment by default may be taken, and the property condemned and sold thereunder, and such sale, if regular, confers title upon the purchaser.

3. JUDGMENT. *Client must use diligence to see that all defenses are made and that suit is regularly prosecuted; attorney's negligence is conclusive on client in absence of strong showing of fraud; judgment will not be disturbed for attorney's negligence if client is not reasonably diligent to discover facts, even if fraud reasonably discoverable exists; bill by party appearing by attorney in former suit held not to warrant setting aside default judgment after ten years.*

147 Miss.—47.

A party who employs an attorney to represent him in a lawsuit must use diligence to see that all defenses to the suit are made and that the suit is regularly prosecuted. The attorney is the agent of the party, and negligence of the attorney, if any, is also the negligence of the party, in the absence of a strong showing of fraud. Such party must use reasonable diligence to discover all facts, and, even if fraud exist, if it could be discovered by reasonable diligence, and if such diligence be not exercised, the judgment will not be disturbed. The facts in this case examined and *held* not to be sufficient to warrant a setting aside of the judgment.

*Corpus Juris-Cyc. References: Appearances, 4CJ, p. 1339, n. 80, 85; p. 1344, n. 53, 57; Judgments, 34CJ, p. 263, n. 19; p. 266, n. 28; p. 305, n. 70; p. 307, n. 76, 78, 81, 83; p. 308, n. 84; p. 780, n. 13; p. 891, n. 96.

APPEAL from chancery court of Adams county.

HON. R. W. CUTRER, Chancellor.

Suit by Selah W. Britton against M. R. Beltzhoover and others to set aside a default judgment and for other relief. From a judgment sustaining demurrers to the bill, complainant appeals. Affirmed.

*L. A. Whittington* and *Watkins, Watkins & Eager*, for appellant.

I. It appearing on the face of the plaintiff's declaration that the estate of A. C. Britton was a partnership, two or more members of which resided in Mississippi, upon whom service of process could be had, and was had, the attachment proceedings were null and void, and insufficient to divest appellant of her title in the lands sought to be condemned. *McCullor* v. *Mink,* 83 So. 907, 121 Miss. 829; *Fairly* v. *Nash,* 70 Miss. 193, 12 So. 149; *Cudahy Pkg. Co.* v. *Hibou,* 92 Miss. 234, 46 So. 673.

The authorities furnish various and sundry tests in order that the parties may determine as to whether or not an association of persons constitutes a partnership or not. To the case of *Miller* v. *Simpson,* 18 L. R. A. (N. S.) 969, there is attached an elaborate note dealing with

the subject-matter, wherein various tests are formulated, from which the existence or nonexistence of a partnership is drawn.

It will be observed that the arrangement set out in the plaintiff's declaration contains each and every one of the essentials of partnership. This court recognized the existence of a partnership in the management and ownership of real estate in *Meyer* v. *Meyer,* 64 So. 420, 106 Miss. 638.; *State Nat'l Bank* v. *Butler,* 36 N. E. 1000, 149 Ill. 575; 1 Lindley on Partnership, 55; *Meehan* v. *Valentine,* 145 U. S. 622, 36 L. Ed. 841; *Bogardus* v. *Reed,* 160 App. Div. 294, 145 N. Y. S. 597; *MacFarlane* v. *MacFarlane,* 82 (N. Y.) 238; 20 R. C. L., pages 803, 806.

Since three members of the partnership resided in Mississippi, the interest of the two partners residing out of the state was not subject to attachment. Section 123, Hemingway's Code, provides the conditions under which partners may be attached. *Barney* v. *Moore-Haggerty Lbr. Co.,* 95 Miss. 118, 48 So. 232.

Attachment proceedings were unknown to the common law, and are harsh and extraordinary remedies. 2 R. C. L., page 826, paragraphs 32-33; *Hopkins* v. *Grisham,* 26 Miss. 143; *Woods* v. *Bailey,* 27 So. 1001.

II.    The debt sued for was not due at the time the suit was filed, which rendered the attachment proceedings void. *Smith* v. *Gardiner,* 36 So. 9, 83 Miss. 654. *Penn. Mut. Life Ins. Co.* v. *Keaton,* 49 So. 736, 95 Miss. 708, is directly in point. The question as to maturity of an indebtedness was presented in the case of *Shapleigh Hdw. Co.* v. *Spiro,* 106 So. 209, 141 Miss. 38.

Now, in this case, the plaintiff's declaration was careful to allege and suggest that there was an express agreement that the defendants in the action at law should not be required to pay the indebtedness until the same should be demanded. The indebtedness began in 1914, a running open account, conditioned that the same should never mature except on demand. As a condition precedent to

maturing the indebtedness, it was of the highest importance that demand should be made. *First Nat'l Bank* v. *Story,* 93 N. E. 940, 34 L. R. A. (N. S.) 154.

All parties here contemplated that the indebtedness would be paid and discharged out of the estate of A. C. Britton; therefore, we submit, under the contract alleged in the declaration there should be no maturity except on demand, that demand was essential to mature the debt. *Coc* v. *Delmas,* 99 Cal. 104, 33 Pac. 836.; *Florsheim* v. *Palmer,* 99 Ill. App. 559; *Carpenter* v. *Estate of Snell,* 37 Vt. 255.

III. The appellant was entitled to relief against Beltzhoover and other appellees on account of the fraud alleged. The law is well settled that if under the allegations of the bill of complaint, the complainant would be entitled to any relief whatsoever under the facts alleged against any of the defendants or the property before the court, the bill is sufficient to withstand a demurrer and that answer should be required. *Graves* v. *Hull,* 27 Miss. 419; *Garner* v. *Lyle,* 35 Miss. 176.; *Bigson* v. *Jayne,* 37 Miss. 164; *Anding* v. *Davis,* 38 Miss. 574; *White* v. *Thomas,* 52 Miss. 49; *Barry* v. *Barry,* 64 Miss. 709; *Washington* v. *Soria,* 73 Miss. 665.

With the foregoing principle in mind, note well the allegations in the bill of complaint as amended, admitted by the demurrer, forcing the conclusion that the demurrer should have been overruled and the defendant required to answer.

*Martin & Byrnes, Engle & Laub, L. T. Kennedy, J. S. Logan* and *Green, Green & Potter,* for appellees.

I. Appellant misconstrues the declaration. There is no allegation of any agreement of partnership or of any of the terms of a partnership, but that the parties, as tenants in common, had opened an account with the bank for the payment of taxes, repairs, improvements and

other expenses, touching the realty held by them as tenants in common. The liability of the tenants in common holding *per me et per tout* for expenditures for taxes and repairs, etc., upon the property held in common would be a joint liability of the tenants in common, but not a partnership liability, each of the tenants in common would continue to hold her estate as an undivided interest in the whole, in which undivided interest none of her co-tenants would have any interest whatsoever.

This bill is a collateral attack upon the judgments and attachment. In fact, the bill claims that there was no jurisdiction and avers that the judgments were void. The judgment in attachment was a valid judgment. *Woods* v. *Bailey,* 27 So. 1001, which shows the change that has been made in attachment proceedings, and whereby under the present statute, the attachment is one thing and the declaration another, and judgments may be affirmed as to attachment and reversed as to *in personam. Barney* v. *Haggerty Lbr. Co.,* 95 Miss. 118.

The affidavit in attachment is against appellant as an individual and the property levied on is her undivided one-fourth and her undivided one-eighth interest in certain realty, as to which she avers that she was in possession when the attachment was levied.

Being her individual property it was subject to attachment for her liability as a tenant in common for the joint debt created by the tenants in common. *Cohen* v. *Gamble,* 71 Miss. 478.

Even though it was a partnership liability, if individual property of the nonresident was sought to be subjected, then the provisions of section 123, Hemingway's Code, eliminating nonresidence as a ground of attachment would not be applicable; but that is not the case here. *McGrath* v. *Sinclair,* 55 Miss. 92.

II. The appearance of the appellant in the suit, by Jim Money Vardeman as attorney, and the application for time to plead, the court sustaining this motion, and

also the filing of the petition for removal, which recites that there was a separable controversy, bind the appellant as an appearance *in personam. Anderson Miller et al.* v. *Ewing,* 8 S. & M. 421. See, also, notes to *Peyton* v. *McQuown,* 31 L. R. A. 35-36; *Bates* v. *Stricklin,* 103 So. 432; *Maloney* v. *Tatum,* 99 So. (Miss.) 129; *Lee* v. *McConnell,* 69 So. (Miss.) 706; *Reddus* v. *Wofford,* 4 S. & M. 579; *Loughridge* v. *Bowland,* 52 Miss. 588. See, also, 6 C. J., "Attachment," page 268, in note (a), showing the difference between the lien of an attachment and that of a judgment and as to the relation back of the debt to the levy. 6 C. J., page 269, holding that the lien of an attachment would justify the filing of a bill in equity to remove adverse claims to the property. Hence, the bill seeking to set aside the deed under the attachment proceedings is barred by the ten-year statute of limitations.

The bill as amended admits that Jim Money Vardeman was retained to remove the cause to the Federal court and that after overruling the petition for removal as shown by the allegations of the bill as amended as well as by the order of the court, made a general appearance in the cause; and having thus generally appeared in the cause, the appellant cannot avoid the force of the judgment under the well-settled rule hereinbefore referred to in *Schirling* v. *Scites,* 41 Miss. 644; *Lester* v. *Watkins,* 41 Miss. 647, and other authorities cited.

The well-established doctrine of laches, independent of the statute of limitations in suits in equity, not law, is firmly established in Federal jurisprudence and in all courts of equity. Our court, in certain law cases, held that laches did not apply—that only the statute of limitations applied—but see *Hester* v. *Hester,* 103 Miss. 13.

In *Comans* v. *Tapley,* 101 Miss. 203, the court applied the principle of laches; and in *Aetna Ins. Co.* v. *Robertson,* 94 So. 7, 131 Miss. 343, this court further gave application to the doctrine of laches. See 15 R. C. L., "Judgments," section 195; *Merriman* v. *Walton,* 30 L. R. A., 787; *Bennett* v. *Dempsey,* 94 Miss. 406, 48 So.

910, 136 A. S. R. 584; *Moore* v. *Ware,* 51 Miss. 206; *Duncan* v. *McNeill,* 31 Miss. 704; *Cannon* v. *Cooper,* 39 Miss. 784, 89 Am. Dec. 101.

Argued orally by *W. H. Watkins* and *L. A. Whittington,* for appellant, and *M. Green* and *Chas. F. Engle,* for appellees.

ETHRIDGE, J., delivered the opinion of the court.

Appellant, complainant in the court below, appeals here from a decree sustaining general and special demurrers to her bill as originally filed and subsequently amended. This bill was filed July 31, 1925, against appellee M. R. Beltzhoover, H. F. Byrne, Mrs. Ruth A. S. Wheeler, Mrs. Clara S. Claggett, Mrs. Vincie V. Campbell, Mrs. Reine G. Wells, and A. B. Learned, executor of R. F. Learned, and Jon Seiferth and other defendants, averring that she was a tenant in common of an undivided one-eighth interest in certain plantations and certain real estate in the city of Natchez described in the bill, and alleging that the property was in the possession of certain defendants, who claim to be the owner thereof. She alleges that in 1914 the Britton & Koontz Bank, a corporation, filed suit in the circuit court of Adams county against the complainant and Mesdames Wheeler and Conner, sisters of complainant, and Sidney T. Stratton, administrator of the estate of Mrs. Eliza M. Britton, to recover eleven thousand eight hundred seventy-three dollars and forty cents alleged to be due said bank by the estate of A. C. Britton, a copy of the declaration in said suit being filed as an exhibit to the bill. She alleged that on October 8, 1914, a suit in attachment was filed; that plaintiff, Britton & Koontz Bank, sued out a writ of attachment against appellant and Mrs. Eliza M. B. Wheeler, a copy of said proceedings being filed as an exhibit to the bill. She alleges that at the time of filing said attachment against her and Mrs. Wheeler, she was a nonresi-

dent, as was also her sister, Mrs. Wheeler, but avers and charges that the other two members sued in said suit were residents, and that they were sued as doing business under the firm name of ''Estate of A. C. Britton;'' that at the time of the suing out of said attachment, she was the owner, and in possession of, her undivided interest of all lands mentioned, and by virtue of the attachment so sued out, her property was sold thereunder by the sheriff on the 2d day of August, 1915, and conveyed by the sheriff to R. F. Learned and M. R. Beltzhoover, through whom the other defendants all claim.

She alleges that said attachment was void because she was a nonresident, and no jurisdiction of her personal property was acquired by the writ of attachment for the reason that the declaration filed showed that it was a suit against a partnership styled ''Estate of A. C. Britton;'' that said declaration shows upon its face that complainant was a member of said firm; and that Mrs. Mary B. Conner and Mrs. Ruth A. S. Wheeler were also members of said partnership firm, and were residents of the state of Mississippi, and that her sister, Mrs. Eliza M. B. Wheeler, was also a nonresident, and that the attachment was wholly void because nonresidency is not a ground for attachment against a partnership.

She further alleged that she employed an attorney for the purpose of having said case removed to the Federal court at Jackson, Miss., Adams county being in the territory constituting said district. It appeared from the exhibits to the bill that at the term at which the attachment was returnable, an order was granted allowing the defendants generally ten days in which to plead. The other defendants filed pleas, but, subsequently, withdrew them during that term of court, and, several days after that the attorney, she alleges she employed filed a petition for the removal of the cause, making affidavit therein that he was the attorney for the complainant and the other nonresident defendants, and claiming that there existed a separable controversy between his clients and

plaintiffs. This petition for removal was denied by the circuit court, and no further steps were taken to appeal to this court, or to have it removed to the Federal court by *certiorari* or other means. No steps whatever were taken by complainant at said term of court, or afterwards, until the filing of this bill, which was more than ten years after said date. At the next succeeding term of court in Adams county, judgment was taken by default, sustaining the attachment issue and directing the property attached to be sold, and personal judgment was taken against appellant for said amount. Said land and property were sold under the attachment proceedings and were not sold under the execution issued on the personal judgment.

Appellant further alleged that after the ten-years had expired, she learned, for the first time, that there was a settlement and compromise between the other defendants in the attachment suit, by which their property was released; also that her interest in the property levied upon was worth at least twenty thousand dollars, and that it was sold for a little over six thousand dollars.

There is no denial of the fact that an attorney appeared for her in the attachment suit and filed a petition to remove the cause to the Federal court, and that said attorney was employed by her for that purpose.

We think the record shows a legal appearance by her in that suit; that it was her duty to use reasonable diligence to discover all her rights and to take appropriate steps to enforce her rights in the courts, and, if necessary, to file pleas and proceedings in such suits.

We think the showing made in the bill insufficient to excuse her from negligence in making proper defenses at that time in said suit. A party cannot sit idly by and let litigation go against him and afterwards seek to have same set aside, unless there is sufficient showing of fraud and deception by the parties to that litigation to excuse such lack of diligence.

. It is insisted by appellant that the attachment proceedings were void because there was no publication for her as provided by the statute, as well as that said attachment proceedings were not authorized because it was a suit against a partnership. The declaration made an exhibit to her bill shows that it was very doubtful as to whether any partnership at all existed. It rather appears from the pleading that it was a suit against them as tenants in common. But the defendant appeared in court, and this defense should have been made at that time, and, if so, it might have been that the declaration would have been amended so as to more clearly show the right to sustain the attachment. Furthermore, it was not necessary to issue publication where a party voluntarily appears. The purpose of publication is to give legal notice constituting due process of law, so that parties may be enabled to come in and defend their rights, if any, in such suits. A voluntary appearance serves this purpose as fully and effectually as publication could. We think the appearance in court and the filing of a motion to transfer the cause to the Federal court is an appearance for all purposes, especially where there is no reservation in the petition for transfer, and when the petition was overruled the party was in court, and subject to all liability that a general appearance would give against him. The excuse set up in the bill for failure to assert her rights at that time is wholly insufficient at law. It appears the property has passed into the hands of third persons, and that more than ten years have passed since the sale was made under the execution, and that the statute of limitations has completely run against complainant.

We think, therefore, that the court below committed no error in sustaining the demurrers to the bill, and the judgment is affirmed.

*Affirmed.*