McCoy *et al. v.* Watson.[*]

(In Banc. March 18, 1929.  Suggestion of Error Overruled May 6, 1929.)

[121 So. 116.  No. 27092.]

---

[*]Corpus Juris-Cyc References:  Appearances, 4CJ, section 34, p. 1343, n. 50; Courts, 15CJ, section 318, p. 931, n. 82.

*Wyatt Easterling, Currie & Amis* and *J. H. Mitchell,* of La Feria, Texas, for appellants.

*Bozeman & Cameron,* for appellant Rush.

*Baskin, Wilbourn & Miller* and *L. P. Spinks*, for appellee.

424

Argued orally by *J. H. Mitchell,* for appellant, and *R. E. Wilbourn,* for appellee.

GRIFFITH, J. This suit is an attachment in chancery, and was brought in the chancery court of Kemper county. The principal defendant therein, the Al Parker Securities Company, the nonresident debtor, was shown by the bill and by the further record to be a corporation under the laws of Missouri, but doing business in Cameron county, Texas, with its principal office in La Feria, Texas. The other defendants, who for the want of a better term

may be called the garnishee-defendants, were residents of this state, all in the county of Kemper, except one who resided in the county of Lauderdale. It is shown by the record that the said principal defendant had an agent, apparently a sales agent, in the county of Lauderdale, named C. M. Waldrop. The nonresident defendant was not brought in by publication of summons, as required by section 540, Code 1906, but in lieu thereof there was an attempt to make the service of summons, not in Kemper county where the suit was brought, but in Lauderdale county upon the person of the said alleged agent, Waldrop. Obviously, therefore, the service was not made within the terms of the statute, section 920, Code 1906, which permits service upon an agent of a foreign corporation only when the said agent is "found within the county where the suit is brought."

On the return day the said principal defendant filed in the said chancery court a petition for the removal of the case to the federal court. The petition was allowed and the order of removal was made. When the federal court convened, appellee, the complainant, moved to remand, but the motion was overruled. Thereupon the said nonresident defendant moved in the said federal court to quash the process as to it, which motion was sustained, and the said defendant was dismissed without day. Although the principal defendant was thus out of the case, it appears that nevertheless the federal court attempted to proceed, and went even so far as to have the testimony taken and reported by a master, but, seeing at last that the court in the situation in hand could do nothing, an order was finally made remanding the cause to the chancery court.

It is not seriously insisted that the aforementioned attempted service on the said principal defendant was valid; but the contention is that the appearance in the chancery court for the purpose of removal, although for that sole purpose, constituted a general appearance, so that,

when the case was subsequently remanded by the federal court, the said defendant was thereupon and thereafter in the said chancery court without the necessity of any process or further process. The chancery court sustained this view, entered a decree *pro confesso* against the said principal defendant, and on final hearing granted a decree against all the defendants.

We are therefore at the threshold confronted with the proposition whether an appearance in a state court for the sole purpose of taking the statutory steps for the removal of a cause to the federal court—the defendant doing no more or further than that—shall be deemed such an appearance that, when the cause is remanded, the defendant is then in the said state court without necessity of valid process.

Since the right of removal to a federal court is one granted by federal statutes under the Federal Constitution, and which therefore becomes a right supreme to that which in anywise might be attempted to be provided to the contrary by any state statute or rule of procedure, "it is extremely desirable," as was said in *Railroad Co.* v. *Lyon,* 99 Miss. at page 197, 54 So. 731, 34 L. R. A. (N. S.) 234, Ann. Cas. 1913D, 800, "that, upon questions of this sort, this court would be bound to follow the United States supreme court." The latter court has repeatedly answered the above stated proposition in the negative; and we hereby announce our alignment with those decisions. In the very latest case on the subject, *Michigan Cent. R. R. Co.* v. *Mix et al.,* 49 S. Ct. 207, 73 L. Ed. —, decided by the supreme court of the United States on February 18, 1929, it is distinctly stated that "the contention that filing the petition for removal to the federal court was equivalent to the entry of a general appearance is obviously unsound"—citing *General Investment Co.* v. *Lake Shore Ry. Co.,* 260 U. S. 268; 269, 43 S. Ct. 106, 67 L. Ed. 244, and *Hassler* v. *Shaw,* 271 U. S. 195, 46 S. Ct. 479, 70 L. Ed. 900. And it has also

been held by that court to which we conform, that it is immaterial that the petition for removal is in general terms, without therein specifying or stating that the appearance is special and for the purpose of removal only. *Wabash Western Ry. Co.* v. *Brow,* 164 U. S. 271, 17 S. Ct. 126, 41 L. Ed. 431. See, also, *Cain* v. *Commercial Pub. Co.,* 232 U. S. 124-131, 34 S. Ct. 284, 58 L. Ed. 534; *Goldey* v. *Morning News Co.,* 156 U. S. 518, 526, 15 S. Ct. 559, 39 L. Ed. 517; *Mechanical Appliance Co.* v. *Castleman,* 215 U. S. 437-441, 30 S. Ct. 125, 54 L. Ed. 272, and the numerous additional cases cited in 4 C. J., 1343.

It was not intended to be held otherwise in *Britton* v. *Beltzhoover,* 147 Miss. 737, 113 So. 346, than is now hereby decided. In the first syllabus in that case it appears that the defendant did more than merely petition for a removal, and on page 744 (113 So. 346) it is shown that, at the term at which the attachment was returnable, all the defendants were granted time to plead, and that thereafter, although time had been allowed to plead, the defendant, instead of doing so, filed, confessedly out of time, and apparently either for delay or merely to trifle with the court, a petition for removal. That opinion must be confined strictly to the facts, and this much is said about it, that it may no longer be relied on in error of what it actually decided.

It follows from what we have said that we can go no further with the case at bar—the principal defendant is not in court. We must reverse the decree and remand the cause to be proceeded with henceforth as the parties may deem to their respective interests under the law; and, that they may be entirely unhampered by anything which might turn out to be merely advisory on our part, we express ourselves upon no other phase of the case either as it now stands or in any attitude in which, as foreshadowed by the course of argument here, it may be caused to stand in subsequent pleadings and on the hearing thereunder.

*Reversed and remanded.*