THE STATE OF FLORIDA, on the relation of LEE NEEL, R H. NEEL, G. R. NEEL and C. E. NEEL, as co-partners doing business under the firm name of Neel Brothers, *Petitioners*, v. THE HONORABLE E. C. LOVE, and the HONORABLE JOHN B. JOHNSON, Judges of the Circuit Court of the Second Judicial Circuit of Florida sitting in and for Gadsden County, Florida, and MARGARET DUNKLE, *Respondents*.

148 So. 208.

Opinion filed May 5, 1933.

Re-hearing denied May 26, 1933.

*Alexander & Jones* (of Thomasville, Ga.), *E. Paul Gregory, James Messer, Jr.,* and *W. J. Oven,* for Petitioners;

*Blake & Taylor,* for Respondents.

DAVIS, C. J.—In this case a *rule nisi* in prohibition was issued against the Judges of the Circuit Court of Leon County and Margaret Dunkle, the plaintiff in a suit at common law pending therein, upon an allegation that the Circuit Court was about to proceed to judgment against the relators, Neel Brothers, as defendants in that Court, without having obtained jurisdiction over the persons of said defendants. The case is now before us upon an application for a writ of prohibition absolute.

That prohibition is an appropriate remedy to restrain proceedings in a suit at common law wherein the Court has never acquired jurisdiction over the parties by service of process, or by voluntary appearance of the defendants, is established in this jurisdiction by the holding of this Court in Speight v. Horne, 101 Fla. 101, 133 Sou. Rep. 574, 135 Sou. Rep. 528, so we pass to a consideration of the present proceeding on its merits.

Neel Brothers, as co-partners, were sued by Margaret Dunkle as plaintiff in a law action seeking recovery from them of $20,000.00 damages for alleged personal injuries inflicted on plaintiff by reason of the alleged negligent operation of an automobile truck on the highways of this State. Service of process on Neel Brothers was attempted under Chapter 14765, Acts of 1931, Laws of Florida, by delivery of summons to said defendant through the Secretary of State as in that Act provided.

Defendants appeared specially in the suit and resisted the jurisdiction of the Court on the ground that the method of service pursued was unauthorized by the statutes, and on the further ground that the statute itself was unconstitutional. The Court held that the question of jurisdiction had not been properly raised and refused to sustain defendants' motion to quash the process.

The return day of the process was given as December 5, 1932, which was the rule day of that month. On the return day defendants filed their special appearance through counsel, stating therein that such special appearance was entered "for the sole purpose of objecting to the jurisdiction of this Court over the persons of the defendants." On December 22, 1932, defendants filed with the Clerk their motion to quash the service and return of service in the cause. See Section 4279 C. G. L. (Chapter 11971, Acts of 1927).

On January 6, 1933, the Circuit Court entered its order refusing to quash the service and giving defendants fifteen days from date thereof to plead. On January 18th a petition and bond for removal of the cause from the Circuit Court to the United States District Court on the ground of diversity of citizenship of the parties was filed. On January 20th the defendants' prayer for an order of removal of the cause to the Federal Court was denied by the State Court on the specific finding and ground stated in the order to the effect that the removal petition had been filed too late to be effective for removal purposes under the laws of the United States which require such removal petitions and bonds to be filed in the State Court on or before the time presented by the State law for pleading, answering or demurring to the declaration in the cause. Sec. 2829 U. S. Jud. Code; 28 U. S. C. A. Par. 71-72.

Section 4282 C. G. L., 2616 R. G. S., provides that the defendant in an action at law shall file his plea on the rule day succeeding that upon which the declaration is filed, unless, upon motion, further time be given by the Court. The declaration in this case was filed on the December, 1932, rule day so under the statute the time fixed by State law for pleading thereto was on or before the January rule day, 1933, i. e., January 2, 1933. Thus it is made to appear that the defendants' petition and bond for removal of

the cause to the Federal Court was filed after the time fixed by the statutes of the State of Florida for pleading to plaintiff's declaration and was ineffective, so the Circuit Court held, to operate as a removal of the proceeding from the Circuit Court to the United States District Court under the circumstances. The mere entry of a special appearance on December 5, 1932, the rule day, did not, under our statute, extend the time within which defendants were required to plead to the declaration in some fashion which was on or before the rule day succeeding the rule day on which the declaration was filed, as is required by Section 4282 C. G. L., *supra.* See Dudley v. White, 44 Fla. 264, 31 Sou. Rep. 830.

Sound reasoning, as well as authority supports the conclusion that a defendant's appearance in a State court for the purpose of filing a petition and bond for removal of the pending cause to the Federal Court, is, in the event the petition for removal is denied because filed too late, an appearance in the State Court for all purposes thereafter insofar as the State Court is concerned, and the party defendant who has filed such petition and bond for removal of the cause from the State Court to the Federal Court is subsequently to be considered as being properly in the State Court and subject to all liability that a general appearance in the State Court would give against him, subject of course to the right the defendant has to take appropriate proceedings to redress any improper disallowance of his petition for removal from the State Court, in the event he can make it appear that this petition was wrongfully denied. See Britton v. Beltzhoover, 147 Miss. 737, 113 Sou. Rep 346.

We find, therefore, in the case at bar that the petitioners for prohibition absolute, Lee Neel, R. H. Neel, G. R. Neel and C. E. Neel, as co-partners doing business under the name of Neel Brothers, having, by the removal proceedings, undertaken by them and disallowed by the Circuit Court,

generally appeared in the State Court for all purposes of jurisdiction over their persons in the pending action, are not entitled to the writ of prohibition applied for and same is therefore denied.

This disposition of the cause makes it unnecessary for us to decide upon the alleged unconstitutionality of Chapter 14765, Acts of 1931, or to give effect to the contention made by respondents to the effect that defendants in the Circuit Court entered their general appearance by applying for a special order of court exercising an authority vested in it by the State law to extend the time for further pleading after the motion to quash the service and return of same was overruled.

Prohibition denied and proceedings dismissed at costs of petitioners.

WHITFIELD, ELLIS, TERRELL, BROWN and BUFORD, J. J., concur.