H. C. RORICK, SPITZER RORICK AND COMPANY, INC., *et al.*,
v. C. L. CHANCEY

195 So. 418
Opinion Filed October 26, 1938
On Rehearing June 2, 1939
Rehearing Denied April 23, 1940

*Alex Baker, Mitchell D. Price* and *Charles W. Zaring* and *Robert S. Florence,* for Appellants;

*C. A. Hiaasen* and *J. T. Chancey,* for Appellee.

PER CURIAM.—After argument on the rehearing granted in this case, Mr. Chief Justice ELLIS, Mr. Justice WHITFIELD and Mr. Justice CHAPMAN are of the opinion that the judgment of affirmance entered by this Court in this cause on December 22, 1937, should be adhered to, while Mr. Justice TERRELL, Mr. Justice BROWN and Mr. Justice BUFORD are of the opinion that the said former holding of the Court should be receded from and the decree of the Circuit Court reversed. When members of the Supreme Court, sitting six members in a body and after full consultation, are permanently and equally divided in opinion as to whether the judgment of the Supreme Court should be adhered to on rehearing and the previous judgment of the Supreme Court should not be disturbed; therefore, it is considered, ordered and adjudged under the authority of. State *ex rel.* Hampton v. McClung, 47 Fla. 224, 37 Sou. Rep. 51, that the decree of the Circuit Court in this cause be and the same is hereby affirmed.

ELLIS, C. J., and WHITFIELD, TERRELL, BROWN and CHAPMAN, J. J., concur.

BUFORD, J., concurs specially.

BUFORD, J. (concurring specially).—I agree to the foregoing order but with the reservation that I think the Court should dispose of no case by a three-to-three order when a change in the personnel of the Court is in immediate prospect and that the parties to the cause should be permitted to present the case after such change in the Court shall have occurred.

WHITFIELD, P. J.—In Michigan Central Railway Co. v.

Mix, 278 U. S. 492, 49 Sup. Ct. 207, 73 Law Ed. 470, the action was brought in a Missouri State Court for redress under a Federal law of an alleged wrongful death in interstate transportation. The judgment was reversed because the action, being brought in a State in which the defendant railroad company, a Michigan corporation, had no part of its railroad, was an unlawful burden to interstate commerce. The service of process was made in Missouri on an agent of the railroad company in Missouri who only solicited interstate transportation business in Missouri for the Michigan railroad company, and the railroad company did not consent to be sued in Missouri in the case.

In that case the opinion states:

"The contention that filing the petition for removal to the federal court was equivalent to the entry of a general appearance is obviously unsound. General Investment Co. v. Lake Shore Ry. Co., 260 U. S. 26809; Hassler v. Shaw, 271 U. S. 195. There is also a suggestion that the motion to quash the summons made by the Railroad, in the state court after the remand, operated, under the Missouri practice, as a general appearance, York v. Texas, 137 U. S. 15; and that this precluded it from objecting to a trial of the cause within that State. We have no occasion to enquire into the local practice. The constitutional claim sustained in Davis v. Farmers Co-operative Co., 262 U. S. 312, was not that under the Fourteenth Amendment as in Rosenberg Bros. & Co. v. Curtis Brown Co., 260 U. S. 516. It was assumed that the carrier had been found within the State. The judgment was reversed on the ground that to compel it to try the cause there would burden interstate commerce and, hence, would violate the commerce clause. No local rule of practice can prevent the carrier from laying the appropriate foundation for the enforcement of its

constitutional right by making a seasonable motion. Compare Sioux Remedy Co., v. Cope 235 U. S. 197; Yazoo & Mississippi Valley R. R. v. Mullins, 249 U. S. 531; Davis v. Wechsler, 263 U. S. 22, 24."

In other cases cited a Federal question was involved, or, if a Federal question was not involved, a Federal rule of procedure was followed, and not a State law, under the then controlling precedent of Swift v. Tyson, 16 Pet. 1, which was overruled in Erie Railway Co. v. Tompkins, decided by the United States Supreme Court, April 25, 1938, holding that State decisions as well as State statutes should be followed in the United States Court where the jurisdiction of such courts depends upon diversity of citizenship of the parties litigant. See also Floyd Hudson v. Moonier, U. S. Supreme Court, May 23, 1938. See Employees Corporation v. Bryant, 299 U. S. 374, the decision was as to procedure in a Federal District Court.

In this case a citizen of Florida sues in a State court citizens of another State together with Ohio corporations and Florida governmental corporations for an accounting and payment on a contract for professional services rendered in Florida.

The non-resident defendants include in their petition for removal of the cause to the United States District Court, an allegation that the joinder of certain named defendants in the cause is fraudulent and made for the purpose of hindering and embarrassing the Petitioners in the removal of this action to the United States District Court. This allegation goes to the right to remove the cause to the United States District Court and not to the service of process on the defendants.

The cause was remanded to the State court and the order of the State court sustaining objections to the motions of non-resident defendants to quash the service of State

process on them was based upon a decision of this court which is controlling in State courts in the trial causes arising upon local contracts when no Federal laws have been violated.

The cause being remanded in the discretion of the U. S. District Court there can be no penalizing of the complaining defendants.

Ellis, C. J., and Chapman, J., concur.

Brown, J. (dissenting).—After argument on the rehearing granted in this case, I am inclined to the view that the position taken by us in our original opinion in this case is erroneous, in that it would result in the establishment of a rule in this State which would penalize a party for applying for the removal of a cause pending in a court of this state to the federal court and would violate the rule of comity between state and federal courts. I still agree with the general statement made by Mr. Justice Chapman in his opinion upon the original hearing, that it is within the *power* of a state court to determine what constitutes a general or special appearance in the courts of the State. However, I cannot concur in the further statement that this Court is committed to the ruling laid down in said original opinion by the decision in the case of State *ex rel.* Neel v. Love, 110 Fla. 91, 148 So. 208, upon the theory that the decision in that case committed this Court to holding that the mere filing of a petition and bond for the removal of a cause to a federal court constitutes in all cases a general appearance in the state court. It is true that the headnotes in the Neel case indicate such holding, but in the extract from the opinion of Mr. Chief Justice Davis in that case quoted in the opinion of Mr. Justice Chapman, it will be noted that he stated that a defendant's appearance in a state court for the purpose of filing a petition and

bond for removal of the pending cause to the federal court, is, *"in the event the petition for removal is denied because filed too late,* an appearance in the state court for all purposes thereafter in so far as the state court is concerned." (Emphasis supplied.)

In the case of State *ex rel.* Neel v. Love, *supra,* the petition for removal from the state court to the federal court was denied because the petition was filed after the time fixed by the statutes of the State of Florida for pleading and when the petitioning party was in default. In the case at bar the petition for removal was timely filed, on a special appearance for that sole purpose, when the petitioning parties were not in default. In the Neel case, the cause was not removed to the federal court. In the instant case the petition for removal was granted, the cause was removed and was subsequently remanded to the state court by the district judge.

The opinion in the case of State *ex rel.* Neel v. Love, *supra,* cited as authority, Britton v. Beltzhoover, 147 Miss. 737, 113 So. 346. The facts in that case were closely akin to those in the case of State *ex rel.* Neel v. Love. In a later case, McCoy v. Watson, 153 Miss. 416, 121 So. 116, the Supreme Court of Mississippi decided a case wherein the facts were almost if not quite identical with those in the case at bar, and distinguished that case from its former decision in Britton v. Beltzhoover. In that case, McCoy v. Watson, the Supreme Court of Mississippi had this to say:

"We are therefore at the threshold confronted with the proposition whether an appearance in a state court for the sole purpose of taking the statutory steps for the removal of a cause to the federal court—the defendant doing no more or further than that—shall be deemed such an appearance that, when the cause is remanded, the defendant is

then in the said State court without necessity of valid process.

"Since the right of. removal to a federal court is one granted by federal statutes under the Federal Constitution, and which therefore becomes a right supreme to that which in anywise might be attempted to be provided to the contrary by any state statute or rule of procedure, 'it is extremely desirable,' as was said in Railroad Co v. Lyon, 99 Miss. at page 197, 54 So. 731; 34 L. R. A. (N. S.) 234, Ann. Cas. 1912D, 800, 'that, upon questions of this sort, this court would be bound to follow the United States Supreme Court.' The latter court has repeatedly answered the above-stated proposition in the negative; and we hereby announce our alignment with these decisions. In the very latest case on the subject, Michigan Cent. R. R. Co. v. Mix, et al., 278 U. S. 492, 49 S. Ct. 207, 73 L. Ed. 740, decided by the Supreme Court of the United States on February 18, 1929, it is distinctly stated that 'the contention that filing the petition for removal to the federal court was equivalent to the entry of a general appearance is obviously unsound'— citing General Investment Co. v. Lake Shore Ry. Co., 260 U. S. 268, 269, 43 S. Ct. 106, 67 L. Ed. 244, and Hassler v. Shaw, 271 U. S. 195, 46 S. Ct. 479, 70 L. Ed. 900. And it has also been held by that court, to which we conform, that it is immaterial that the petition for removal is in general terms, without therein specifying or stating that the appearance is special and for the purpose of removal only. Wabash Western Ry. Co. v. Brow, 164 U. S. 271, 17 S. Ct. 126, 41 L. Ed. 431. See, also, Cain v. Commercial Pub. Co., 232 U. S. 124-131, 34 S. Ct. 284, 58 L. Ed. 534; Goldey v. Morning News Co., 156 U. S. 518, 526, 15 S. Ct. 559, 39 L. Ed. 517; Mechanical Applicant Co. v. Castleman, 215 U. S. 427, 441, 30 B. Ct. 125, 54

L. Ed. 272, and the numerous additional cases cited in 4 C. J. p. 1343.

"It was not intended to be held otherwise in Britton v. Beltzhoover, 147 Miss. 737, 113 So. 346, than is now hereby decided. In the first syllabus in that case it appears that the defendant did more than merely petition for a removal, and on page 744 (113 So. 346) it is shown that, at the term at which the attachment was returnable, all the defendants were granted time to plead, and that thereafter, although time had been allowed to plead, the defendant, instead of doing so, filed, confessedly out of time, and apparently either for delay or merely to trifle with the court, a petition for removal. That opinion must be confined strictly to the facts, and this much is said about it, that it may no longer be relied on in error of what it actually decided."

I think the opinion of the Supreme Court of Mississippi above quoted from indicates the proper rule which should be followed by the Supreme Court of this State, and which, as shown by the very fair and comprehensive opinion of Mr. Justice CHAPMAN, appears to be followed by a majority of the state courts. See also Goldey v. Morning News Co., 156 U. S. 518, 15 S. Ct. 559, 39 L. Ed. 519, and the recent case of Employer's Reinsurance Corporation v. Bryant, 299 U. S. 374, 81 L. Ed. 289.

For the reasons above stated I am of the opinion that our former holding on this point in this case should be receded from and the majority rule as set forth in McCoy v. Watson, *supra,* adopted and applied.

TERRELL and BUFORD, J. J., concur.

## On Rehearing

Brown, J.—On a former rehearing in this case, the same was, on October 26, 1938, denied by an equally divided Court.

After consideration of the extraordinary petition for rehearing filed and granted in this case in November, 1938, a majority of the Court have reached the conclusion that the position taken by us in our original opinion in this case is erroneous, in that it would result in the establishment of a rule in this State which would penalize a party for applying for the removal of a cause pending in a court of this State to the federal court and would violate the rule of comity between state and federal courts. We still agree with the general statement made in our original opinion (appearing in 130 Fla. 442, 178 So. 112) that it is within the *power* of a state court to determine what constitutes a general or special appearance in the courts of the State. However, we cannot, after further consideration, concur in the further statement that this Court is committed to the ruling laid down in said original opinion by the decision in the case of State *ex rel.* Neel v. Love, 110 Fla. 91, 148 So. 208, upon the theory that the decision in that case committed this Court to holding that the mere filing of a petition and bond for the removal of a cause to a federal court constitutes in all cases a general appearance in the state court. It is true that the headnotes in the Neel case indicate such holding, but in the extract from the opinion of Mr. Chief Justice Davis in that case, quoted in our original opinion in this case, it will be noted that he stated that a defendant's appearance in a state court for the purpose of filing a petition and bond for removal of the pending cause to the federal court, is, "*in the event the petition for removal is denied because filed too late,* an appearance in the

state court for all purposes thereafter in so far as the state court is concerned." (Emphasis supplied.)

In the case of State *ex rel.* Neel v. Love, *supra,* the petition for removal from the state court to the federal court was denied because the petition was filed after the time fixed by the statutes of the State of Florida for pleading and when the petitioning party was in default. In the case at bar the petition for removal was timely filed, on a special appearance for that sole purpose, when the petitioning parties were not in default. In the Neel case, the cause was not removed to the federal court. In the instant case the petition for removal was granted, the cause was removed and was subsequently remanded to the state court by the district judge.

The opinion in the case of State *ex rel.* Neel v. Love, *supra,* cited as authority, Britton v. Beltzhoover, 147 Miss. 737, 113 So. 346. The facts in that case were closely akin to those in the case of State *ex rel.* Neel v. Love. In a later case, McCoy v. Watson, 153 Miss. 416, 121 So. 116, the Supreme Court of Mississippi decided a case wherein the facts were almost if not quite identical with those in the case at bar, and distinguished that case from its former decision in Britton v. Beltzhoover. In that case McCoy v. Watson, the Supreme Court of Mississippi had this to say:

"We are therefore at the threshold confronted with the proposition whether an appearance in a state court for the sole purpose of taking the statutory steps for the removal of a cause to the federal court—the defendant doing no more or further than that—shall be deemed such an appearance that, when the cause is remanded, the defendant is then in the said state court without necessity of valid process.

"Since the right of removal to a federal court is one

granted by federal statutes under the Federal Constitution, and which therefore becomes a right supreme to that which in anywise might be attempted to be provided to the contrary by any state statute or rule of procedure, 'it is extremely desirable,' as was said in Railroad Co. v. Lyon, 99 Miss. at page 197, 54 So. 731, 34 L. R. A. (N. S.) 234, Ann. Cas. 1912D, 800, 'that, upon questions of this sort, this court would be bound to follow the United States Supreme Court.' The latter court has repeatedly answered the above-stated proposition in the negative; and we hereby announce our alignment with those decisions. In the very latest case on the subject, Michigan Cent. R. R. Co. v. Mix, *et al.,* 278 U. S. 492, 49 S. Ct. 207, 73 L. Ed. 740, decided by the Supreme Court of the United States on February 18, 1929, it is distinctly stated that 'the contention that filing the petition for removal to the federal court was equivalent to the entry of a general appearance is obviously unsound' citing General Investment Co. v. Lake Shore Ry. Co., 260 U. S. 268, 269, 43 S. Ct. 106, 67 L. Ed. 244, and Hassler v. Shaw, 271 U. S. 195, 46 S. Ct. 479, 70 L. Ed. 900. And it has also been held by that court, to which we conform, that it is immaterial that the petition for removal is in general terms, without therein specifying or stating that the appearance is special and for the purpose of removal only. Wabash Western Ry. Co. v. Brown, 164 U. S. 271, 17 S. Ct. 126, 41 L. Ed. 431. See also Cain v. Commercial Pub. Co., 232 U. S. 124-131, 34 S. Ct. 284, 58 L. Ed. 534; Goldey v. Morning News Co., 156 U. S. 518, 15 S. Ct. 559, 39 L. Ed. 517; Mechanical Appliance Co. v. Castleman, 215 U. S. 427-441, 30 S. Ct. 125, 54 L. Ed. 272, and the numerous additional cases cited in 4 C. J. p. 1343.

"It was not intended to be held otherwise in Britton v. Beltzhoover, 147 Miss. 737, 113 So. 346, than is now hereby

decided. In the first syllabus in that case it appears that the defendant did more than merely petition for a removal, and on page 744 (113 So. 346) it is shown that, at the term at which the attachment was returnable, all the defendants were granted time to plead, and that thereafter, although time had been allowed to plead, the defendant, instead of doing so, filed, confessedly out of time, and apparently either for delay or merely to trifle with the court, a petition for removal. That opinion must be confined strictly to the facts, and this much is said about it, that it may no longer be relied on in error of what it actually decided."

We think that the opinion of the Supreme Court of Mississippi above quoted from indicates the proper rule which should be followed by the Supreme Court of this State, and which, as shown by the very fair and comprehensive opinion of Mr. Justice CHAPMAN, on the original hearing herein, appears to be followed by a majority of the state courts. See also Goldey v. Morning News Co., 156 U. S. 518, 15 S. Ct. 559, 39 L. Ed. 519, and the recent case of Employer's Reinsurance Corporation v. Bryant, 299 U. S. 374, 81 L. Ed. 289.

For the reasons above stated a majority of the court are of the opinion that our former holding on this point in this case should be receded from, and the majority rule, as set forth in McCoy v. Watson, *supra,* adopted and applied.

Our former judgment of affirmance is therefore vacated, and the order appealed from is now reversed.

TERRELL, C. J., and BROWN, BUFORD and THOMAS, J. J., concur.

WHITFIELD and CHAPMAN dissent and adhere to our original opinion.

THOMAS, J. (concurring).—I first participated in this

case after rehearing was granted and the oral argument was presented by counsel for the respective parties.

After examining the record in the cause and the opinions heretofore filed, I am in accord with the views expressed by Mr. Justice BROWN and concurred in by Mr. Justice TERRELL and Mr. Justice BUFORD.

## ON PETITION FOR REHEARING

BROWN, J.—The petition for rehearing filed by appellee in this case attacks, as being incorrect, the statement in the Court's opinion to the effect that: "In the case at bar the petition for removal was timely filed, on a special appearance for that sole purpose."

Appellee contends that the above statement is incorrect because the special appearance appearing in the record shows that it was not filed for the sole purpose of removing the case to the Federal Court. The appearance filed is entitled "special appearance." The exact language is "Comes now H. C. Rorick" and others, "by Alec Baker and Mitchell D. Price and Charles W. Zaring, their attorneys, and file this their special appearance herein pursuant to Section 4279, C. G. L. 1927, and said parties also appear specially, for the purpose of removing this cause to the United States District Court, in and for the Southern District of Florida, Miami Division, not admitting the jurisdiction of the Circuit Court of the Twenty-second Judicial Circuit of Florida, in and for Broward County, but denying and disputing the same."

On the same day that this special appearance was filed, the petition for removal was also filed.

It is further stated that the Court overlooked the fact that there was no compliance whatever with said Section 4279, C. G. L., by appellants and that under the provision

of said statute, such noncompliance constitutes a general appearance.

Section 4279 reads as follows:

"4279. Special appearance; operation as general appearance.—When any special appearance has been filed by a defendant in any cause in any of the courts of the State of Florida upon the proper return day in such cause, such special appearance shall operate as a general appearance, unless the defendant so filing such special appearance shall file a statement of the grounds of such special appearance and his motion to quash at the time of filing such special appearance or (on) not less than ten days before the next succeeding rule day. In event such statement of grounds and motion shall not be filed at the time of the filing of such special appearance, then such defendant shall deliver a copy of such statement and motion to the opposing party or his attorney not less than ten days before the next succeeding rule day. (Ch. 11971, Acts 1927, Sec. 1.)

In McCarthy's Annotation of the Florida Chancery Act, 2nd Ed., page 24, it is said:

"Chapter 11971, Acts of 1927 (Sec. 4279 C. G. L.) does not seem to be applicable to equity cases.

See Rorick v. Stilwell (*supra*) 16th headnote."

The case of Rorick v. Stilwell thus referred to is reported in 101 Fla. 4, 133 So. 609. In that case Mr. Justice DAVIS, speaking for the Court, said:

"But persons who are named as defendants in a suit in equity where process has been issued and returned as served upon them, when in truth and in fact no such service has in legal effect been made, although shown by the return, have the right to call such lack of jurisdiction to the attention of the Court by specially appearing in the cause and moving to set aside or vacate the service of process

when it appears of record in the cause as a virtual basis for the Court to assure that it has lawfully obtained jurisdiction over the person of the defendant.

"And so long as the special appearance entered, and the motion filed pursuant thereto, whether filed personally or through counsel in that behalf, is confined solely to jurisdictional matters and asks nothing of the Court except that the Court determine for itself its own want of jurisdiction under the law, the special appearance entered and motion so filed must be regarded as limited in character and as *per se* conferring no jurisdiction on the Court to proceed to trial on the merits. In every case where it is claimed that service of process has been waived that fact ought to be clearly established and shown on the record. Anderson v. Agnew, 38 Fla. 30, 20 So. 766.

"If no legal service has in fact been had, and a special appearance designed to raise that objection, and limited to such object alone, is filed, it can not be considered a general appearance nor does it in and of itself confer any jurisdiction over the person of the defendant interposing it. See Read v. Rousch, 189 Iowa 695, 179 N. W. 84; Schlessinger v. Modern Samaritans, 121 Minn. 145, 140 N. W. 1027; Nye v. Arnow, 13 Fla. 361.

"In this case we are dealing with a proceeding in equity, not at law. Our statute provides with reference to equity cases that in the absence of process of law or rules of practice in this State, the rules of practice in the courts of equity of the United States, as prescribed by the Supreme Court thereof, shall be the rules of practice of the Courts of the State when exercising equity jurisdiction, and when the rules of practice so directed by the Supreme Court do not apply, the "practice" of the Courts shall be regulated by the high Court of Chancery of England. Farnell v. Forest Investment Co., 74 So. 216, 73 Fla. 191; Section 4919,

Comp. Gen. Stats. 1927; Section 3132 R. G. S., Kahn v. Weinlander, 39 Fla. 210, 22 So. 653.

"In Florida there is no special statute or rule of Court prescribing any particular method for testing the sufficiency of the service of summons in Chancery, so the Federal practice is permissible.

"The rule in the Federal Court is that a motion to set aside the service, or a motion to quash the return, accompanied by a special appearance for that purpose is the proper method of testing the sufficiency of such service, unless the defendant prefers to disregard it and subsequently to raise the objection upon an appeal from the decree or to resist the execution of the decree as void. American Bell Telephone Co. v. Pan. Elec. Tel. Co., 28 Fed. 625; Romaine v. Union Ins. Co., 28 Fed. 625. And so is the English Chancery Rule which would apply if there were no Federal rule. 1 Daniels Chancery Practice, 8th Ed., 289."

It thus appears that the inclusion in the special appearance of the language "and file this their special appearance herein pursuant to Sec. 4279 C. G. L. 1927" was inappropriate and ineffective surplusage in a special appearance to file petition for removal, and was considered by this Court as an inadvertent and redundant statement which did not detract from the language immediately following:

"And said parties also appear specially for the purpose of removing this cause to the United States District Court." etc.

It was not necessary for the appellants to appear for any purpose other than the removal of the cause to the United States District Court, at the time the special appearance for that purpose was filed. They did nothing more than this until after the remand of the cause.

Furthermore, after the special appearance for the pur-

pose of removing the cause to the United States Court, an order of removal was made. The effect of this order stayed all proceedings in the State Court until after the cause was remanded. After such remand appellants did file in the court below their several special appearances and motions to quash service of summons and return of summons upon them, supporting their motions with affidavits, which appears to be the practice which was approved in the case of Rorick v. Stilwell, *supra*.

For these reasons a majority of the Court are of the opinion that the inclusion in the appellants' special appearance of the words: "and file this their special appearance therein pursuant to Sec. 4279 C. G. L. 1927" did not render such special appearance a general appearance. This is the only ground of the petition for rehearing which we think calls for any discussion.

The petition for rehearing is accordingly denied.

TERRELL, C. J., BUFORD, CHAPMAN and THOMAS, J. J., concur.

WHITFIELD, J., dissents.