# Third District Court of Appeal

## State of Florida

Opinion filed April 29, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-0565
Lower Tribunal No. 19-1054-CA-01
_____

**Hartford Accident and Indemnity Company, et al.,**
Appellants,

vs.

**MSP Recovery Claims, Series, LLC, et al.,**
Appellees.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, William Thomas, Judge.

Coffey Burlington, P.L., and Kendall B. Coffey and Scott A. Hiaasen and Jeffrey B. Crockett; Wiggin and Dana, LLP and Jonathan M. Freiman (New Haven, CT), for appellants.

MSP Recovery Law Firm, and John H. Ruiz and Erimar Von der Osten, for appellees.

Before FERNANDEZ, MILLER and LOBREE, JJ.

LOBREE, J.

Hartford Accident and Indemnity Co., Hartford Casualty Insurance Co., Hartford Fire Insurance Co., Hartford Insurance Co. of the Midwest, Hartford Insurance Co. of the Southeast, Hartford Underwriters Insurance Co., and Property & Casualty Insurance Co. of Hartford (collectively "Hartford") appeal an order denying their motion to dismiss the second amended complaint of MSP Recovery Claims, Series LLC, MSPA Claims 1, LLC, and MSP Recovery Claims Series 44, LLC (collectively "MSP"). This appeal arises from an action filed by MSP for a pure bill of discovery and declaratory judgment under Florida's Motor Vehicle No-Fault statute, section 627.736, Florida Statutes (2019). MSP's second amended complaint alleged the trial court had specific personal jurisdiction over Hartford. Hartford moved to dismiss, arguing in relevant part that there were insufficient allegations regarding personal jurisdiction. MSP responded but did not argue that Hartford abandoned its challenge to personal jurisdiction. After a hearing, the trial court denied the motion to dismiss finding Hartford had abandoned their jurisdictional defense.

"This Court reviews rulings on a motion to dismiss for lack of personal jurisdiction de novo." MSP Recovery Claims, Series LLC v. Coloplast Corp., 353 So. 3d 705, 707 (Fla. 3d DCA 2023). Upon review, we conclude based on the facts of this case that none of the grounds identified in the dismissal

2

order constitute abandonment of a challenge to personal jurisdiction under Florida law.  See Kimbrough v. Rowe, 479 So. 2d 867, 869 (Fla. 5th DCA 1985) ("[D]efensive actions undertaken by defendants do not constitute requests for affirmative relief inconsistent with their initial defense of lack of jurisdiction."); Rorick v. Chancey, 195 So. 418, 421 (Fla. 1938) (finding filing of petition and bond for removal of cause to federal court does not constitute "general appearance" in state court that will preclude defendant from subsequently questioning state court's jurisdiction); Barrios v. Sunshine State Bank, 456 So. 2d 590, 590 (Fla. 3d DCA 1984) (finding filing of motion for enlargement of time did not constitute general appearance and was not waiver of defendant's defense of lack of personal jurisdiction); Snider v. Metcalfe, 157 So. 3d 422, 425 (Fla. 4th DCA 2015) (finding defendant did not waive challenge to personal jurisdiction despite two-year gap between filing of original motion to dismiss and amended motion to dismiss raising challenge to personal jurisdiction for the first time as defendant sought no affirmative action from trial court).

On the merits of Hartford's motion to dismiss, we conclude this case is controlled by a recent decision of our court, USAA Casualty Insurance Co. v. MSP Recovery Claims, Series LLC, 425 So. 3d 1152 (Fla. 3d DCA 2025). In USAA Casualty Insurance, we declined to extend long-arm jurisdiction

3

under nearly identical circumstances to those identified by MSP in this case. 425 So. 3d at 1160, review dismissed, No. SC2026-0077, 2026 WL 483191 (Fla. Feb. 20, 2026), reinstatement granted sub nom., No. SC2026-0077, 2026 WL 834080 (Fla. Mar. 25, 2026).  Accordingly, we reverse the underlying order on appeal and remand to the trial court with instructions to dismiss the action.

Reversed and remanded with directions.